779 So.2d 1205 (2000)
PARKWAY DODGE, INC.
v.
Patricia YARBROUGH.
DaimlerChrysler Corporation
v.
Patricia Yarbrough.
1990434 and 1990494.
Supreme Court of Alabama.
September 1, 2000.
John Martin Galese and David A. Norris of Galese & Ingram, P.C., Birmingham, for appellant Parkway Dodge, Inc.
James F. Walsh and Michael J. Velezis of Lange, Simpson, Robinson & Somerville, L.L.P., Birmingham, for appellant DaimlerChrysler Corporation.
Jackie M. McDougal, Bessemer, for appellee.
BROWN, Justice.
Parkway Dodge, Inc. ("Parkway"), and DaimlerChrysler Corporation, defendants in an action pending in the Jefferson Circuit Court, separately appeal from the circuit court's order denying their motions to compel arbitration of the plaintiff's claims. We affirm in part and reverse and remand in part.
*1206 On April 1, 1997, Patricia Yarbrough purchased a new 1997 Dodge Intrepid automobile from Parkway, an automobile dealership; the automobile had been manufactured by DaimlerChrysler. The automobile soon began to leak oil. Yarbrough returned it to Parkway several times for repairs to correct the leak. During an inspection of the vehicle made pursuant to the informal dispute-resolution process of the DaimlerChrysler warranty, a Parkway mechanic discovered a hole in the engine block; a patching compound had been placed on the hole.
Yarbrough sued Parkway and Daimler-Chrysler, alleging fraud and misrepresentation in the sale of the vehicle; suppression of material facts regarding the vehicle; deceit; and breach of an express warranty and an implied warranty. Parkway answered and moved to stay the action and to compel arbitration of Yarbrough's claims. In support of its motion, Parkway submitted a "Retail Buyer's Order," which contained the language of an arbitration agreement between the dealer and the purchaser. The buyer's order contains the following provision:
"I. Alternative dispute resolution agreement by binding arbitration. The Dealer and Purchaser(s) mutually covenant, stipulate and agree, in connection with the resolution of any dispute arising out of the contract(s) entered into by the parties of and concerning the within described motor vehicle, as follows: That the vehicle described within was manufactured outside of Alabama; has operated and will continue to operate on interstate highways; has been traveling in interstate commerce; the manufacture, transportation, sale and use thereof has been and will continue to be regulated by the laws of the United States of America; and, that the contract(s) entered into by the parties concerning said motor vehicle evidence transactions involving and affecting commerce. The undersigned agree that all disputes not barred by applicable statutes of limitations or otherwise barred by law, resulting from or arising out of the sale transaction entered into, (including but not limited to: the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services acquired by the purchaser(s); the condition of the motor vehicle; the conformity of the motor vehicle sold to the contract of sale; the representations, promises, undertakings, warranties or covenants made by Dealer in connection with the sale of the motor vehicle, or otherwise dealing with the motor vehicle; the terms of financing in connection therewith; any terms or provisions of any credit life and/or disability insurance purchased simultaneously herewith; or any terms or provisions of any extended service contract purchased simultaneously herewith); that Dealer and the purchaser(s) agree to submit such dispute(s) to BINDING ARBITRATION, pursuant to the provisions of 9 U.S.C. Section 1, et seq. and according to the Commercial Rules of the American Arbitration Association then existing in the County where the dealer maintains its principal place of business, except as follows: (1) The arbitrators impaneled to arbitrate this matter shall be selected by the parties to this agreement as followsThe dealer shall select an arbitrator. The Purchaser(s) shall select an arbitrator. The two arbitrators so selected shall select a third arbitrator, who shall be a certified A.S.E. Master Mechanic; (2) The prepaid arbitration filing fees and all costs of the arbitration proceeding shall be paid by the party seeking affirmation relief. THIS ARBITRATION SHALL BE IN LIEU OF ANY CIVIL LITIGATION IN ANY COURT, AND IN LIEU OF ANY TRIAL BY JURY.
". . . .
"THE UNDERSIGNED HAS READ, UNDERSTANDS AND *1207 AGREES TO BE BOUND BY EACH OF THE PROVISIONS, COVENANTS, STIPULATIONS, AGREEMENTS AND DEFINITIONS SET FORTH HEREINABOVE."
(Emphasis original.)
Parkway also submitted the affidavit of Rick Holt, Parkway's general manager. It reads, in pertinent part:
"Attached to Parkway Dodge, Inc.'s pending arbitration motion in this case, is a copy of a predispute arbitration agreement signed by Patricia Yarbrough as the purchaser of the vehicle described therein. This is one of the contract documents involving her purchase of a 1997 Dodge Intrepid automobile, that she signed on or about April 1, 1997 and is one of the business records which I maintain in the normal and ordinary course of my activities as General Manager. The contents of this document were neither suppressed from nor concealed from Ms. Yarbrough."
Yarbrough filed an opposition to Parkway's motion to compel arbitration, asserting fraud, misrepresentation, and/or suppression of material fact in regard to the formation of the arbitration agreement. She further alleged that the arbitration agreement was unconscionable and that it was made subject to a mutual mistake of fact, i.e., the patched hole in the car's engine block.
DaimlerChrysler also moved to compel arbitration, or in the alternative, to stay all pending litigation until Yarbrough had completed arbitration with Parkway. In opposition to DaimlerChrysler's motion to compel arbitration, Yarbrough alleged, among other things, that DaimlerChrysler could not rely on the arbitration agreement she had entered into with Parkway because (1) DaimlerChrysler was not a signatory to that arbitration agreement; (2) the arbitration agreement was not broad enough to include DaimlerChrysler; (3) Parkway was not an agent of Daimler-Chrysler; (4) DaimlerChrysler was not a third-party beneficiary of the arbitration agreement; (5) the claims against DaimlerChrysler were not intertwined with and founded upon the sales contract between Yarbrough and Parkway; and (6) DaimlerChrysler lacked standing to compel arbitration because the claims against DaimlerChrysler arose from a separate and distinct warranty agreement that contained no arbitration clause. Yarbrough further asserts that under the Magnuson-Moss Warranty Act express warranties are not the proper subject of arbitration agreements. The trial court denied both motions to compel arbitration.
In an appeal from the denial of a motion to compel arbitration, our review is de novo. See First American Title Ins. Corp. v. Silvernell, 744 So.2d 883, 886 (Ala. 1999); Crimson Indus., Inc. v. Kirkland, 736 So.2d 597, 600 (Ala.1999); Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171, 1171 (Ala.1999).

I.
Parkway contends that the trial court erred in denying its motion to compel arbitration. Yarbrough argues that we should affirm the trial court's ruling, on two theories. The first theory is that "Yarbrough's defenses of fraudulent inducement and mutual mistake of fact specifically related to the arbitration provision and therefore, were properly ruled upon by the court."
"A party must provide substantial evidence of fraud in the inducement, particularly related to the arbitration clause, in order to avoid arbitration." Ex parte Perry, 744 So.2d 859, 863 (Ala.1999). In Anniston Lincoln Mercury Dodge v. Conner, 720 So.2d 898, 901 (Ala.1998), this Court held:
"[W]hen a party claims fraud in the inducement relating to the validity of the arbitration clause itself, an issue that goes to the `making' of the agreement to arbitrate, a court may adjudicate that claim; however, if the claim of fraud in the inducement actually bears upon the entire agreement and upon the activities *1208 of the parties in general, then an arbitrator, rather than a court, shall adjudicate that claim, examining the making of the contract in its entirety."
Although Yarbrough alleges that she has challenged the making of the arbitration agreement itself, "`we must look beyond the ad hoc arguments of counsel in order to determine whether [Yarbrough's] claim actually bears upon the entire agreement' or just the arbitration clause." Nations-Banc Invs., Inc. v. Paramore, 736 So.2d 589, 591 (Ala.1999) (quoting Anniston Lincoln Mercury Dodge v. Conner, supra, 720 So.2d at 901-02).
Yarbrough's opposition to Parkway's motion to compel arbitration states, in pertinent part:
"2. The arbitration clause is clearly revocable because the plaintiff was fraudulently induced to enter into an arbitration agreement with Parkway Dodge, Inc., in consideration for a 1997 Dodge Intrepid.
"3. Parkway Dodge, Inc., fraudulently represented to the plaintiff that the subject of the arbitration agreement was new or in the same or similar condition as any other new 1997 Dodge Intrepid.
"4. The 1997 Dodge Intrepid was not in the same or similar condition as any other new 1997 Dodge and plaintiff would not have agreed to the arbitration clause if this fact had been disclosed to the plaintiff.
". . . .
"7. The arbitration clause should be rescinded because it was made subject to a mutual mistake of fact (patched hole in the engine block) as to the subject of the agreement and thus equity demands that the arbitration clause be rescinded."
Yarbrough's claims of fraudulent inducement and mutual mistake regarding the arbitration agreement in particular appear to be based on an ad hoc argument intended to avoid the arbitration agreement. We conclude that Yarbrough's challenge is to the contract as a whole, not just the arbitration agreement; thus, arbitration is the appropriate forum for resolving her challenge.
Yarbrough further contends that the arbitration agreement is unconscionable because, she says, she was given no meaningful choice as to the terms of the contract; the parties had unequal bargaining power; and the terms of the arbitration agreement were oppressive, one-sided, and patently unfair. She also claims that to enforce the arbitration agreement would cause her to suffer a financial hardship.
The arbitration agreement provides that the "arbitration filing fees and all costs of the arbitration proceeding shall be paid by the party seeking affirmative relief." We note, however, that Parkway and Daimler-Chrysler agreed to pay, in equal measure, the filing fees and costs of arbitration, subject to realignment by the arbitrator at the end of the arbitration process.
Yarbrough's financial-hardship argument is foreclosed by this Court's decisions in Green Tree Financial Corp. v. Wampler, 749 So.2d 409 (Ala.1999); First Family Financial Services, Inc. v. Rogers, 736 So.2d 553 (Ala.1999); and Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33 (Ala. 1998). Moreover, Yarbrough presented no evidence, only her bare allegations, to support a finding that the arbitration clause in the buyer's order was unconscionable.
Accordingly, we hold that the arbitration agreement between Yarbrough and Parkway is valid and enforceable, and that, pursuant to the terms of that agreement, Parkway is entitled to compel arbitration of Yarbrough's claims.

II.
DaimlerChrysler argues that the arbitration agreement between Yarbrough and Parkway also entitled DaimlerChrysler to compel arbitration of Yarbrough's claims against DaimlerChrysler. Our recent case of Ex parte Stamey, 776 So.2d 85, 89-90 (Ala.2000), compels that we reject DaimlerChrysler's argument:

*1209 "In most of the cases that have come before this Court on an equitable-estoppel claim, we have not allowed the claims to be arbitrated, because the language of the arbitration provisions limited arbitration to the signing parties, so that there had been no assent on the part of the resisting parties to arbitrate claims against nonsignatories. See First Family Fin. Servs., Inc. v. Rogers, 736 So.2d 553 (Ala.1999); Med Center Cars, Inc. v. Smith, 727 So.2d 9 (Ala. 1998); Ex parte Isbell, 708 So.2d 571 (Ala.1997); Ex parte Martin, 703 So.2d 883 (Ala.1997); Ex parte Jones, 686 So.2d 1166 (Ala.1996); Ex parte Stallings & Sons, Inc., 670 So.2d 861 (Ala. 1995); see also David F. Sawrie, Equitable Estoppel and the Outer Boundaries of Federal Arbitration Law: The Alabama Supreme Court's Retrenchment of an Expansive Federal Policy Favoring Arbitration, 51 Vand. L.Rev. 721 (1998). In other words, within these arbitration provisions references to the parties specifically limited the claims that would be arbitrable under those provisions. For example, the arbitration agreement at issue in Med Center Cars read:
"`BUYER HEREBY ACKNOWLEDGES AND AGREES THAT ALL DISPUTES AND CONTROVERSIES OF EVERY KIND AND NATURE BETWEEN BUYER AND SELLER ARISING OUT OF OR IN CONNECTION WITH THE PURCHASE OF THIS VEHICLE WILL BE RESOLVED BY ARBITRATION WITH THE PROCEDURE SET FORTH ON THE REVERSE SIDE OF THIS BUYER'S ORDER.'

Med Center Cars, 727 So.2d at 13. (Emphasis added [in Stamey].) This Court wrote:
"`The language of the arbitration clauses in this case [is] not broad enough to encompass claims against the nonsignatories. The written arbitration agreements in this case expressly limit the scope of the agreements to "disputes, claims, and controversies" arising between the "Buyer" and the "Seller" only. ... Therefore, the nonsignatories have no standing to seek enforcement of those arbitration agreements.'

Id. at 19. Because the agreement in Med Center Cars limited the claims that might be submitted to arbitration to those between the `buyer' and the `seller,' the buyer, who was resisting arbitration, could not be found to have assented to have his claims against a nonparty lender submitted to arbitration. Med Center Cars applied the rule that if the arbitration provision is specifically limited to claims that arise between the parties to the contract, then any nonparties will not be able to enforce the arbitration agreement."
776 So.2d at 89-90.
We note that the arbitration agreement in this present case is replete with references to the "dealer" and the "purchaser." Specifically, the arbitration agreement states that "[t]he Dealer and Purchaser(s) mutually covenant, stipulate and agree, in connection with the resolution of any dispute arising out of the contract(s) entered into by the parties of and concerning the within described motor vehicle ... that Dealer and purchaser(s) agree to submit such dispute(s) to BINDING ARBITRATION." The arbitration agreement goes on to state that "[t]he arbitrators impaneled to arbitrate this matter shall be selected by the parties to this agreement as followsThe dealer shall select an arbitrator. The Purchaser(s) shall select an arbitrator."
Although this Court has recognized the applicability of the doctrine of equitable estoppel in certain cases involving a nonsignatory's motion to compel arbitration,[1] *1210 the arbitration agreement in this case is specifically limited to the signing parties, namely, Yarbrough, as the purchaser, and Parkway, as the dealer. The language of the arbitration agreement is not broad enough to reach the manufacturer; therefore, DaimlerChrysler is not entitled to compel arbitration based upon the terms of the arbitration agreement between Yarbrough and Parkway. Carriage Homes v. Channell, 777 So.2d 83 (Ala.2000).

III.
The trial court's order denying the motion to compel arbitration is affirmed insofar as it relates to Yarbrough's claims against DaimlerChrysler; however, insofar as it relates to Yarbrough's claims against Parkway, it is reversed; and the case is remanded.
1990434REVERSED AND REMANDED.
1990494AFFIRMED.
MADDOX, HOUSTON, COOK, SEE, JOHNSTONE, and ENGLAND, JJ., concur.
LYONS, J., concurs in part and concurs in the result in part.
HOOPER, C.J., concurs in part and dissents in part.
LYONS, Justice (concurring in part and concurring in the result in part).
I concur as to Part I.
I concur in the result as to part II. At first blush, the agreement in this case might appear to be more like the one in Ex parte Napier, 723 So.2d 49 (Ala.1998), where we required arbitration between the plaintiff and the nonsignatory, than like the one in Med Center Cars, Inc. v. Smith, 727 So.2d 9 (Ala.1998), where we declined to require arbitration between the plaintiff and the nonsignatory. However, in Ex parte Napier, the arbitration clause required arbitration of "[a]ll disputes, claims or controversies arising from or relating to this Contract or the relationships which result from this Contract." 723 So.2d at 51 (emphasis added). The arbitration agreement in the instant case requires arbitration of "any dispute arising out of the contract(s) entered into by the parties of and concerning the within described motor vehicle." (Emphasis added.) This phrase is therefore more like the phrase in Carriage Homes v. Channell, 777 So.2d 83, 85 (Ala.2000), where the arbitration agreement was limited to "any dispute ... arising between them [seller and buyer]." I therefore agree with the main opinion's conclusion that the agreement is not broad enough to require Yarbrough to arbitrate with DaimlerChrysler.
The main opinion relies, at least in part, on the method prescribed by the agreement for selecting arbitrators, quoting that portion of the agreement describing the dealer and the purchaser as the parties who select the arbitrators. 779 So.2d at 1206. I do not find this statement of the method for selecting arbitrators persuasive. Compare Ex parte Napier, where the parties agreed to a similar procedure and this Court enforced the more broadly phrased arbitration agreement at the instance of a nonsignatory. Hence, as to Part II, I concur only in the result.
HOOPER, Chief Justice (concurring in part and dissenting in part).
I concur in Part I, which holds that the trial court erred in denying Parkway Dodge's motion to compel arbitration, a holding based on a conclusion that Yarbrough's challenge dealt with the contract as a whole and not merely the arbitration provision. However, I dissent from Part II, because I believe the trial court also erred in denying DaimlerChrysler's motion to compel arbitration. I write specially to emphasize my opinion that nonsignatories can indeed compel arbitration with signatories when the claims against the nonsignatories are sufficiently intertwined with the claims against the signatories. See my dissent in Isbell v. Southern Energy *1211 Homes, Inc., 708 So.2d 571, 584 (Ala.1997), as well as Justice Maddox's dissent in First American Title Insurance Corp. v. Silvernell, 744 So.2d 883 (Ala.1999).
DaimlerChrysler is a nonsignatory to the buyer's order executed between two signatories, Yarbrough and Parkway Dodge. Having previously had no contact whatever with DaimlerChrysler before or at the time she purchased the automobile that is the subject of this case, Yarbrough relied exclusively upon that buyer's order to assert her claims against Parkway Dodge and DaimlerChrysler. She alleged that both Parkway Dodge and DaimlerChrysler sold her the vehicle, made misrepresentations, engaged in improper actions in the sale of the automobile, breached warranties, and breached the contract. In making these allegations, Yarbrough herself failed to differentiate between the two entities and imputed liability to DaimlerChrysler through her contract with Parkway Dodge. Furthermore, Yarbrough's allegations against DaimlerChrysler are based upon the same facts as, and are inherently inseparable from, her claims against Parkway Dodge. Her entire relationship with DaimlerChrysler is based solely upon her purchase of a car from Parkway Dodge.
In spite of the reference in the buyer's order to "Buyer" and "Purchaser," through both the facts of this matter and the allegations of Yarbrough's own complaint the causes of action against Parkway Dodge and DaimlerChrysler are intertwined. This Court has already determined that the claims against Parkway Dodge, a signatory to Yarbrough's buyer's order, should be arbitrated; there is no reason why the claims against nonsignatory DaimlerChrysler, which are based on the same transaction, should be resolved in a different forum.
Thus, I concur in Part I, but I dissent from Part II because Parkway Dodge's and DaimlerChrysler's claims are sufficiently intertwined to compel arbitration of both. The trial court erred in denying the motions to compel arbitration. Yarbrough should be equitably estopped from avoiding the arbitration to which she agreed.
NOTES
[1] See Ex parte Isbell, 708 So.2d 571 (Ala. 1997), and Ex parte Lovejoy, [Ms. 1981758, July 7, 2000] ___ So.2d ___ (Ala.2000).