784 So.2d 277 (2000)
FLEETWOOD ENTERPRISES, INC., et al.
v.
Vera BRUNO.
1990912.
Supreme Court of Alabama.
November 17, 2000.
Joseph S. Bird III and Kenneth M. Perry of Bradley, Arant, Rose & White, L.L.P., Birmingham, for appellants.
Joseph C. McCorquodale III and Jacqualyn S. Bradley of McCorquodale & McCorquodale, Jackson; and William L. Utsey of Utsey & Utsey, Butler, for appellee.
MADDOX, Justice.
Fleetwood Enterprises, Inc., North River Homes, Inc., and Fleetwood Homes of *278 Alabama, Inc., are defendants in an action pending in the Marengo Circuit Court. They appeal from the trial court's order denying their motion to compel arbitration of the claims filed against them by the plaintiff Vera Bruno. (Because there is another defendant that has not appealed, we will refer to these three defendants as "the appellants.") We reverse and remand.
Bruno's complaint alleged breach of warranty, fraud, and negligence by the appellants in connection with her purchase of a manufactured home in March 1996. Bruno contends that the appellants, along with Southern Lifestyle Manufactured Housing, Inc. ("Southern"),[1] failed to provide adequate warranty service on the home, that they and Southern misrepresented or suppressed material information concerning the condition of the home, and that the appellants defectively manufactured the home. Bruno also claims that the appellants and Southern conspired to defraud her by including in the price of the home certain items, such as a "decor kit" and furniture, that she did not receive.
The appellants moved to compel arbitration, based on two documents: 1) the retail installment contract entered into by Southern and Bruno; and 2) a document entitled "Alabama Arbitration Provision," signed by Bruno. The retail installment contract signed by Southern and Bruno contained the following language:
"ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:
"Dispute Resolution. Any controversy or claim between or among you [Southern] and I [Bruno] or our assignees arising out of or relating to this contract or any agreements or instruments relating to or delivered in connection with this contract, including any claim based on or arising from an alleged tort, shall, if requested by either you [Southern] or me [Bruno], be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU [Southern] AND I [Bruno] AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.
"Arbitration. Since this contract touches and concerns interstate commerce, an arbitration under this contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this contract.... Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrators...."
The contract also contained the following language, appearing above the signature lines:
"YOU AND I HAVE READ AND FULLY UNDERSTAND THIS CONTRACT, INCLUDING THE PARAGRAPH CALLING FOR RESOLVING DISPUTES BY ARBITRATION, REFERENCE, OR TRIAL TO A JUDGE, AND NOT BY JURY TRIAL, *279 AND AGREE THAT THIS CONTRACT SETS FORTH OUR ENTIRE AGREEMENT AND THAT NO OTHER PROMISES HAVE BEEN MADE. "I AGREE TO ALL THE TERMS OF ALL PAGES OF THIS RETAIL INSTALLMENT CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS CONTRACT."
The appellants were not signatories to this retail installment contract.
The "Alabama Arbitration Provision," which Bruno signed on the same day she executed the retail installment contract, reads:
"The parties to the Retail Installment Contract agree that any and all controversies or claims arising out of, or in any way relating to, the Retail Installment contract or the negotiation, purchase, financing, installation, ownership, occupancy, habitation, manufacture, warranties (express or implied), repair[,] sale/disposition or any credit life insurance, property insurance, disability insurance, or other insurance or extended warranty purchased in connection with the sale/disposition of the home that is the subject of the Retail Installment Contract whether those claims arise from or concern contract, warranty, statutory, property or common law, will be settled solely by means of final and binding arbitration before the American Arbitration Association (AAA) in accordance with the rules and procedures of the AAA[.] Judgment on the arbitration award may be entered in any court having jurisdiction.
"The parties to the Retail Installment Contract agree and acknowledge that the home that is the subject of the Retail Installment Contract has had an impact on interstate commerce through the manufacturing and distribution process. It is understood by and between the parties that this home was sold by Southern Lifestyle Manufactured Housing, Inc. which is an Alabama Corporation.
"Nothing in this Arbitration Provision prevents any party or beneficiary from seeking a consumer inspection from the Alabama Manufactured Housing Commission or relieves anyone from any duty to comply with any order or directive of the Commission.
"The parties agree that this Arbitration Provision inures to the benefit of, and is intended to be for the benefit of, Southern Lifestyle Manufactured Housing, Inc., its subsidiaries, affiliates, divisions, and agents, the seller of the home, which is the subject of the Retail Installment Contract, as fully as if they were a signatory to the Retail Installment Contract. The parties further agree that this Arbitration Provision inures to the benefit of and is intended for the benefit of the manufacturer of the mobile home as fully as if the manufacturer were a signatory to the Retail Installment Contract.

". . . .
"The parties understand that they have the right to have any dispute between them decided in court, but they choose instead to have any such disputes decided by arbitration in order to avoid the burden, expense and uncertainty of the judicial process.
"THE PARTIES ACKNOWLEDGE THAT THEY UNDERSTAND THEY HAD THE RIGHT TO SEEK THE ADVICE OF COUNSEL PRIOR TO THE EXECUTION OF THIS AGREEMENT.
"THE PARTIES KNOWINGLY AND VOLUNTARILY WAIVE ANY *280 RIGHT THEY HAVE TO A JURY TRIAL."
(Emphasis in fourth paragraph added.)
The trial court entered an order on December 28, 1999, denying the defendants' motion to compel arbitration.[2] In that order, the trial court stated that "there [was] no clear and unmistakable evidence that the parties agreed to submit the issue of arbitrability itself to an arbitrator" and that the trial court "should decide the initial issue of arbitrability under applicable law." The trial court concluded that "[t]he Plaintiff did not knowingly, willingly and voluntarily agree to submit all her claims to arbitration or to waive her right to a jury trial."
This Court reviews de novo the denial of a motion to compel arbitration. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000). A motion to compel arbitration is analogous to a motion for a summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala. 1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce. Id. "[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question." Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala. 1995) (opinion on application for rehearing).
In support of their motion to compel arbitration, the appellants presented two documents signed by Bruno: 1) the retail installment contract; and 2) the "Alabama Arbitration Provision." The language of the retail installment contract limits the arbitration clause in that contract to the signatories to that contract (i.e., Southern and Bruno). However, the "Alabama Arbitration Provision" signed by Bruno shows, on its face, that she agreed that that Arbitration Provision "inures to the benefit of and is intended for the benefit of the manufacturer of the mobile home as fully as if the manufacturer were a signatory to the Retail Installment Contract," and that she acknowledged that "the home that is the subject of the Retail Installment Contract has had an impact on interstate commerce through the manufacturing and distribution process."
In response to the appellants' evidence, Bruno simply argues that the appellants are not entitled to have the claims against them submitted to arbitration because the appellants are not signatories to the retail installment contract and the Alabama Arbitration Provision. She contends that the Alabama Arbitration Provision is unilateral in nature and is unenforceable because she was the only one that signed it. Bruno makes no argument, for example, that she did not sign the documents, that the appellants misrepresented to her the contents of the documents, that she was fraudulently induced to sign the arbitration provision, that the transaction did not involve interstate commerce, or that the arbitration provisions in the two documents are not broad enough to encompass her claims against the appellants. She also asserts that the agreements are unconscionable because she has filed for Chapter 13 bankruptcy protection and cannot afford to pay arbitration fees.
*281 Reviewing the record, we find no evidence to support the trial court's holding that Bruno did not knowingly, willingly, or voluntarily enter into the agreements, particularly the Alabama Arbitration Provision. We conclude that the Alabama Arbitration Provision, by its language, is broad enough to include the claims Bruno asserts against the appellants. We also conclude that the Alabama Arbitration Provision is enforceable against Bruno, although she is the only party that signed that document, because it requires only the purchaser's signature, and Bruno is the party against whom enforcement is sought. See § 8-9-2, Ala.Code 1975; and compare Ex parte Rush, 730 So.2d 1175 (Ala.1999), and Quality Truck & Auto Sales, Inc. v. Yassine, 730 So.2d 1164 (Ala.1999). Therefore, Bruno must submit her claims against the appellants to arbitration pursuant to the Alabama Arbitration Provision.
We also conclude that the record lacks any evidence to support Bruno's claim that the agreements are unconscionable. Unconscionability is an affirmative defense, Green Tree Fin. Corp. v. Wampler, 749 So.2d 409, 415 (Ala.1999), and the party asserting the defense bears the burden of proof. Ex parte Napier, 723 So.2d 49, 52-53 (Ala.1998). Bruno claims that the agreements, assuming they are valid, are unconscionable because, she says, she cannot afford to pay arbitration fees. This bare allegation, without substantial evidence to support it, cannot defeat the appellants' motion to compel arbitration. See Green Tree Fin. Corp., 749 So.2d at 416 ("[W]e cannot allow a party's poverty, standing alone and independent of other considerations justifying a finding of unconscionability, to constitute a defense to enforcement of an arbitration agreement."); Parkway Dodge, Inc., supra, 779 So.2d at 1206-07; First Family Fin. Servs., Inc. v. Rogers, 736 So.2d 553 (Ala. 1999); and Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33 (Ala.1998).
Consequently, Bruno failed "to present evidence that the supposed arbitration agreement[s][are] not valid or do[] not apply to the dispute in question." See Jim Burke Automotive, 674 So.2d at 1265 n. 1. The order denying the appellants' motion to compel arbitration, therefore, is reversed and the cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
LYONS, J., concurs specially.
LYONS, Justice (concurring specially).
I write to emphasize that a party opposing a motion to compel arbitration, by contending the arbitration clause is unconscionable, must submit evidence in some form in order to preserve that contention for appellate review.
It is well settled that a motion to compel arbitration is analogous to a motion for summary judgment. See TranSouth Fin. Corp. v. Bell, 739 So.2d 1110 (Ala.1999); Allstar Homes, Inc. v. Waters, 711 So.2d 924 (Ala.1997), clarified as to other issues, Ex parte Perry, 744 So.2d 859 (Ala.1999); Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102 (Ala.1995). After a motion to compel arbitration has been made and supported, the burden is on the nonmovant to present evidence indicating that the supposed arbitration agreement is not valid or does not apply to the dispute in question. TranSouth Fin. Corp. v. Bell, *282 739 So.2d at 1114, citing Ryan's Family Steak Houses, Inc. v. Regelin, 735 So.2d 454 (Ala.1999).
None of Bruno's three responses to the motions to compel arbitration was supported by any evidentiary material.[3] Bruno's requests for an evidentiary hearing, standing alone, are not the equivalent of submission of evidence.[4] We do not permit a party to defeat an opposing party's motion for summary judgment simply by requesting an evidentiary hearing. In those instances where we review an interlocutory order denying a motion for summary judgment by entertaining a petition for a writ of mandamus,[5] or by permitting an appeal pursuant to Rule 5, Ala.R.App. P.,[6] it would be improper to uphold the order denying the motion if the record before us was insufficient to justify the denial. We cannot justify disparate procedural treatment based simply on the fact that the underlying facts of this case may, if properly presented, demonstrate unconscionability of an arbitration agreement.
NOTES
[1] Southern is a defendant in this action, but it is not a party to this appeal.
[2] The trial court entered an order denying Southern's motion to compel arbitration. Southern filed a motion to alter, amend, or vacate the order; that motion is presently pending in the trial court.
[3] Bruno attaches several affidavits as an appendix to her appellate brief. These affidavits have been filed in a separate proceeding. They are dated three months after the trial court entered the order that is before us on this appeal.
[4] Compare Jack Ingram Motors, Inc. v. Ward, 768 So.2d 362 (Ala.1999), where this Court remanded for further proceedings, on a record that reflected two attempts to amend the complaint further to provide additional facts if the trial court felt the amendment necessary.
[5] See Ex parte Rizk, [Ms. 1970493, June 30, 2000] ___ So.2d ___ (Ala.2000), acknowledging confinement of such review to cases where a party has unsuccessfully invoked immunity and seeks review by mandamus.
[6] See, e.g., Folmar & Assocs. LLP v. Holberg, 776 So.2d 112 (Ala.2000).