STUART, Justice.
 

 Michelle Summers sued StoneMor Alabama, LLC, and StoneMor Alabama Supply Subsidiary, Inc. (hereinafter referred to collectively as “StoneMor”), affiliated companies that jointly own and operate Lakeview Memory Gardens, a cemetery in Phenix City, alleging conversion, negligence, and the tort of outrage after Stone-Mor removed a stone memorial bench Summers had had installed on the grave of her deceased husband. StoneMor thereafter moved the trial court to compel Summers to pursue her claims in arbitration pursuant to an arbitration clause in a burial contract she had entered into with StoneMor. The trial court denied that motion, and StoneMor appeals. We reverse and remand.
 

 I.
 

 On July 20, 2007, one day after her husband Jerry died in an automobile accident, Summers entered into a contract with StoneMor pursuant to which she purchased two burial plots at Lakeview Memory Gardens, along with perpetual care for those plots and funeral services for Jerry, for $3,490. That contract contained the following arbitration clause:
 

 “Arbitration: If there is any dispute, concerning this agreement or any other matters relating to goods or services purchased from seller, purchaser or seller may elect to have the dispute resolved by arbitration according to the rules of the American Arbitration Association (‘AAA’) then in effect, unless otherwise restricted by law. If purchaser wishes to obtain a copy of these rules, purchaser may contact the AAA at 1-800-778-7879 or www.adr.org.
 
 If arbitration is chosen, neither purchaser nor seller will have the right to litigate the claim(s) in court or have a trial before a judge or jury. The arbitration will be
 
 
 *7
 

 coriducted on an individual basis, and not as part of a common or class action. If the appointed arbitrator or panel of arbitrators should award any damages, those damages will be limited to actual and direct damages only and will not include consequential, punitive, exemplary, or treble damages.
 

 “Purchaser and/or seller may hire legal counsel, but legal counsel is not required. Purchaser and seller must each pay the fees and costs of their own counsel, except as otherwise awarded by arbitrator. All expenses of the arbitration, including the arbitrator’s fees, will be shared equally by purchaser and seller, except as otherwise awarded by the arbitrator.
 

 “Any award ordered by the arbitrator will be final, binding, nonappealable and judgement may be entered on it in any court having jurisdiction. This agreement is made in connection with a transaction in interstate commerce, and the provisions of this section are made under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. The arbitrator will have no power to vary or modify any provisions of this arbitration agreement.”
 

 (Emphasis in original.)
 

 At the time Summers purchased the plots at Lakeview Memory Gardens, she declined to purchase from StoneMor a stone marker or stone memorial bench for her husband’s grave site; instead, Summers purchased those items from a third party. Summers alleges that that third party then paid StoneMor the appropriate fees and had those items installed on the grave site on her behalf. Shortly after the installation of the bench and the marker, and without giving notice to Summers, StoneMor apparently removed the stone memorial bench from the grave site.
 

 On July 29, 2008, Summers sued Stone-Mor, alleging that StoneMor had converted the stone memorial bench, that Stone-Mor was negligent in removing the stone memorial bench, and that StoneMor’s conduct in this case was outrageous and had caused her severe emotional distress. On August 28, 2008, StoneMor moved the trial court to compel arbitration in the case, submitting evidence that the contract Summers had entered into with StoneMor contained an arbitration clause and that the transaction between the parties affected interstate commerce. On November 25, 2008, the trial court denied StoneMor’s motion. StoneMor then filed this appeal.
 

 II.
 

 Our standard of review of a ruling denying a motion to compel arbitration is well settled:
 

 “ ‘This Court reviews de novo the denial of a motion to compel arbitration.
 
 Parkway Dodge, Inc. v. Yarbrough,
 
 779 So.2d 1205 (Ala.2000). A motion to compel arbitration is analogous to a motion for a summary judgment.
 
 TranSouth Fin. Corp. v. Bell,
 
 789 So.2d 1110, 1114 (Ala.1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction affecting interstate commerce.
 
 Id.
 
 “[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.”
 
 Jim Burke Automotive, Inc. v. Beavers,
 
 674 So.2d 1260, 1265 n. 1 (Ala.1995) (opinion on application for rehearing).’ ”
 

 Elizabeth Homes, L.L.C. v. Gantt,
 
 882 So.2d 313, 315 (Ala.2003) (quoting
 
 Fleetwood Enters., Inc. v. Bruno,
 
 784 So.2d 277, 280 (Ala.2000)).
 

 III.
 

 In conjunction with its August 28, 2008, motion to compel arbitration, Stone-
 
 *8
 
 Mor submitted to the trial court a copy of the contract signed by Summers containing an arbitration clause, quoted
 
 supra,
 
 as well as evidence indicating that the transaction that was the subject of the contract affected interstate commerce in at least the following two ways: (1) a portion of the money Summers paid StoneMor was designated for perpetual care of the two cemetery plots she purchased and had been placed in a trust fund managed by a company in Tennessee, and (2) the cemetery grounds are maintained using equipment manufactured and purchased outside Alabama. This evidence of the existence of “a contract calling for arbitration and [proof] that the contract evidences a transaction affecting interstate commerce” therefore shifted the burden to Summers to present some evidence indicating that the arbitration clause is not valid or that it does not apply to the dispute in question.
 
 Elizabeth Homes,
 
 882 So.2d at 315. On appeal, Summers does not dispute the validity of the arbitration clause; rather, she argues that her dispute with StoneMor is outside the scope of that clause.
 
 [1]
 
 We disagree.
 

 The crux of this dispute is whether StoneMor was authorized to remove the stone memorial bench Summers had installed on her deceased husband’s grave site. Summers maintains that the stone memorial bench was installed in compliance with StoneMor’s rules and regulations and that, accordingly, StoneMor was not authorized to remove it, while Stone-Mor argues that it properly removed the bench because, it says, Summers breached their contract by having the stone memorial bench installed in a manner that violated the rules and regulations of the cemetery, which, StoneMor says, were incorporated into that contract by reference.
 

 The arbitration clause in the contract between Summers and StoneMor states that it applies to “any dispute[ ] concerning this agreement or any other matters relating to goods or services purchased from seller .... ” In
 
 Serra Chevrolet, Inc. v. Hock,
 
 891 So.2d 844, 847 (Ala.2004), we noted that “[t]his Court has repeatedly stated ‘ “that the words ‘relating to’ in the arbitration context are given a broad construction.” ’ ” (Quoting
 
 AmSouth Bank v. Dees,
 
 847 So.2d 923, 932 (Ala.2002), quoting in turn
 
 Karl Storz Endoscopy-America, Inc. v. Integrated Med. Sys., Inc.,
 
 808 So.2d 999, 1013 (Ala.2001) (emphasis omitted).) Among the goods and services purchased by Summers from StoneMor was perpetual care of the two burial plots she purchased. StoneMor has argued that the stone memorial bench in question was installed improperly, without the required permission and fees, and on the property of others; accordingly, StoneMor argues, the bench was removed pursuant to its rules and regulations regarding the care and maintenance of the cemetery. We conclude, therefore, that the dispute regarding the removal of the stone memorial bench relates to goods and services that
 
 *9
 
 were the subject of the contract between Summers and StoneMor and that that dispute accordingly falls squarely within the scope of the arbitration clause contained in that contract.
 

 IV.
 

 StoneMor submitted evidence to the trial court showing that Summers had signed a contract containing language stating that “[i]f there is any dispute, concerning this agreement or any other matters relating to goods or services purchased from seller, purchaser or seller may elect to have the dispute resolved by arbitration,” as well as evidence indicating that the transaction between them affected interstate commerce. Summers failed to refute that showing with evidence indicating that the arbitration clause in the contract was invalid or that it did not apply to the dispute that did in fact subsequently arise. Accordingly, the trial court erred by denying Stone-Mor’s motion to compel arbitration, and its November 25, 2008, order is hereby reversed and the cause remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . Summers also argues that we should dismiss StoneMor’s appeal for procedural reasons; first, because, she says, StoneMor failed to specifically reserve the right to appeal in its answer, ánd, second, because this appeal is moot because, she claims, she will be entitled to a default judgment when this case is remanded to the trial court. Summers cites no authority in support of these arguments, however, and what authority exists appears to refute them. Rule 4(d), Ala. R.App. P., explicitly recognizes that “[a]n order granting or denying a motion to compel arbitration is appealable as a matter of right,” and, should StoneMor's appeal be successful, on remand the trial court’s duty will be limited to compelling arbitration, not considering a motion for a default judgment. See
 
 Ex parte Queen,
 
 959 So.2d 620, 621 (Ala.2006) (stating that, after a case is remanded, the trial court may enter no judgment other than the judgment directed by the reviewing court).