MAIN, Justice.
Donald Porter, Marc Porter, Porter Capital Corporation, Porter Bridge Loan Company, Inc., Lowerline Corporation, CapitalPartners Leasing, Inc., and Capital-Partners Leasing, LLC (hereinafter referred to collectively as “the Porter defendants”), appeal from the denial of their motion to compel arbitration of the claims asserted against them by Byron Porter Williamson. We affirm in part, reverse in part, and remand the case with instructions.
I. Facts and Procedural History
Marc Porter and Donald Porter are brothers; they founded Porter Capital Corporation in 1991 and thereafter established the related companies Porter Bridge Loan Company, Inc., Lowerline Corporation, CapitalPartners Leasing, Inc., and CapitalPartners Leasing, LLC (the business entities are hereinafter referred to collectively as “the Porter companies”). In 1992, the Porters hired their nephew' Williamson as an employee of the Porter companies. In 2004, Williamson, Marc Porter, and Donald Porter entered into a shareholders agreement that made Williamson a 10% shareholder in Porter Capital Corporation, Porter Bridge Loan Company, Inc., Lowerline Corporation, and CapitalPartners Leasing, Inc. (“the agreement”).[1]
On August 3, 2012, Williamson’s employment as an employee of the Porter companies was terminated. Williamson thereafter provided written notice to the Porter companies of his intention to retire as a shareholder of the corporations and as a member of the limited-liability company. The agreement provided that under certain circumstances, including termination of the employment of a shareholder for cause or retirement of a shareholder, the Porter companies were required to purchase the shares of the terminated or retiring shareholder.[2] Following his termination and resignation as a shareholder of the corporations and a member of the limited-liability company, Williamson demanded that his shares in the corporations and his interest in the limited-liability company be purchased by the Porter companies pursuant to the agreement. The parties, however, were unable to agree on the value of Williamson’s shares and interest. On May 30, 2013, Williamson sued Marc Porter, Donald Porter, and the Porter companies.
Count I of Williamson’s complaint asserted that, pursuant to the agreement, the Porter defendants were required to purchase his shares and interest in the Porter companies. Williamson requested that the court enter an order requiring specific performance of the provisions of the agreement requiring the Porter defendants to purchase his shares and interest. Count II of Williamson’s complaint asserted, alternatively, that the agreement was due to be rescinded. Count III sought compensatory and punitive damages for alleged misrepresentations and suppres *1217 sion of material facts by the Porter defendants. Count IV alleged that the Porter defendants had converted money belonging to Williamson from an investment account controlled by the Porter companies.
On July 12, 2013, citing the arbitration provision of the agreement, the Porter defendants moved the trial court to dismiss the action without prejudice or to stay discovery and compel arbitration. Two provisions of the agreement bear on whether Williamson’s claims must be arbitrated. The agreement provides:
“28. Specific Performance. The Corporations and the Shareholders hereby acknowledge and agree that the Securities [3] cannot be readily purchased or sold in the open market and are of a unique and extraordinary nature, and for that reason, among others, they will be irreparably damaged in the event this Agreement is not specifically enforced. Should any dispute arise concerning the sale or disposition of the Securities, an injunction may be issued restraining any sale or disposition thereof pending the determination of such controversy, in the event of any controversy concerning the purchase or sale of any such Securities, the same shall be enforceable in a court of equity by a decree of specific performance or by temporary or permanent injunction or any other legal or equitable remedy, without the necessity of showing actual damages or furnishing a bond or other security. Such remedy shall, however, be cumulative and not exclusive, and shall be in addition to any other remedy which the Corporatipns and the Shareholders may have.
“29. Arbitration. Except for items of specific performance referred to above, any controversy or claim arising out of, resulting from or relating to this Agreement shall be settled by arbitration conducted in Birmingham, Alabama in accordance with the Commercial Arbitration Rules of the American Arbitration Association (or organization which is the successor thereto). The parties hereto agree that service of process or notice of motion or other application in connection with any arbitration may be served by the means by which notices are to be given under this Agreement, provided that a reasonable time for appearance is allowed. Any award [in] such arbitration may be enforced on application of either party by the order or judgment of a court of any competent jurisdiction. The fees and expenses of any arbitration shall be borne by the parties equally, but each party shall bear the expenses of its own attorneys and experts and the additional expenses of presenting its own proof.”
Williamson opposed the Porter defendants’ motion to dismiss or to compel arbitration, arguing that some or all of his claims fell within the specific-performance exception of the arbitration provision in the agreement.
On October 30, 2013, following a hearing on the Porter defendants’ motion to dismiss or to compel arbitration, the trial court issued an order denying the Porter defendants’ motion. The trial court reasoned:
“The Court has reviewed the complaint and the written motion in some detail, and also considered the oral argument presented. The motion is due to be denied as to [the Porter] defendants’ prayer to send all of [Williamson’s] claims to arbitration. The Court determines that the subject shareholder’s agreement does not mandate that every *1218 dispute or controversy relating to the agreement be’ referred to binding arbitration ....
[[Image here]]
“Here, Williamson’s complaint seeks an order that [the Porter] defendants specifically perform the agreement to buy his shares. Any such order could not be interpreted in any other way but that Williamson would also be ordered to specifically perform the agreement to sell his shares, including doing everything required to effect the sale.
“Accordingly, it is hereby ordered and directed as follows:
“1. [The Porter] Defendants’ motion to dismiss without prejudice, stay the discovery process, and refer all [Williamson’s] claims to arbitration is denied as to dismissing the complaint;
“2. [The Porter] Defendants’ motion to dismiss without prejudice, stay the discovery process, and refer all [Williamson’s] claims to arbitration is denied as to referring all claims alleged in the complaint to arbitration. ...”
(Capitalization omitted; emphasis in original.)
The Porter defendants appealed.
II. Standard of Review
“Our standard of review of a ruling denying a motion to compel arbitration is well settled:
“1 “This Court reviews de novo the denial of a motion to compel arbitration. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000). A motion to compel arbitration is analogous to a motion for a summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction affecting interstate commerce. Id. ‘[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.’ Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995) (opinion on application for rehearing).” ’ ”
SSC Montgomery Cedar Crest Operating Co. v. Bolding, 130 So.3d 1194, 1196 (Ala.2013) (quoting Elizabeth Homes, L.L.C. v. Gantt, 882 So.2d 313, 315 (Ala.2003), quoting in turn Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000)).
III. Analysis
The parties do not dispute the validity of the arbitration provision. Rather, this appeal concerns the scope of the specific-performance exception of the arbitration provision — i.e., whether the arbitration provision applies to the dispute in question.
The Porter defendants argue that the trial court erred in concluding that Williamson’s claims fell outside the scope of the arbitration provision. The arbitration provision provides, in pertinent part, that “[e]xcept for items of specific performance referred to above, any controversy or claim arising out of, resulting from or relating to this Agreement shall be settled by arbitration conducted ... in accordance with the Commercial Arbitration Rules of the American Arbitration Association.” We agree with the Porter defendants that the language of the arbitration provision (“any controversy or claim arising out of, resulting from or relating to this Agreement shall be settled by arbitration”) is broad and encompassing. See, e.g., Serra *1219 Chevrolet, Inc. v. Hock, 891 So.2d 844, 847 (Ala.2004) (noting that the words “relating to” in the arbitration context are given a broad construction). The arbitration provision, however, expressly excepts from its reach “items of specific performance referred to [in Section 28 of the agreement].” The Porter defendants contend that, “[b]y its clear terms, the specific performance provision is narrow and restrictive, applying only to injunctive relief to restrict a shareholder’s attempted sale of Securities, i.e., stock or ownership interest in the Porter companies, to a third party.” (Porter defendants’ brief, at 20.) Williamson, on the other hand, argues that count I of his complaint is the type of claim the parties agreed would not be subject to arbitration.
“ ‘We have held that a party cannot be required to arbitrate a dispute that he or she did not agree to arbitrate.’ ” American Family Life Assur. Co. of Columbus v. Parker, 92 So.3d 58, 66 (Ala.2012) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kilgore, 751 So.2d 8, 11 (Ala.1999)).
“ ‘Whether an arbitration provision encompasses a party’s claim “is a matter of contract interpretation, which interpretation is guided by the intent of the parties, and which intent, absent ambiguity in the clause, is evidenced by the plain language of the clause.” Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102, 110 (Ala.1995).’ ”
Parker, 92 So.3d at 67 (quoting Green Tree Fin. Corp. of Alabama v. Vintson, 753 So.2d 497, 505 (Ala.1999)).
In the present case, the agreement requires that all claims arising out of the agreement shall be arbitrated “[ejxcept for items of specific performance referred to” in Section 28 of the agreement. Section 28 provides, in pertinent part:
“Should any dispute arise concerning the sale or disposition of the Securities, an injunction may be issued restraining any sale or disposition thereof pending the determination of such controversy, in the event of any controversy concerning the purchase or sale of any such Securities, the same shall be enforceable in a court of equity by a decree of specific performance or by temporary or permanent injunction or any other legal or equitable remedy, without the necessity of showing actual damages or furnishing a bond or other security.”
(Emphasis added.) The allegations of Williamson’s complaint include the following:
“[T]he [Porter] defendants have failed and refused to follow the Shareholder Agreement and purchase Plaintiff Williamson’s shares as set forth in the Shareholders Agreement, even though they agreed [Williamson] has voluntarily retired....
“6. Accordingly, [Williamson] is entitled under Section 28 of the Agreement to specific performance and an injunction requiring [the Porter] Defendants to purchase his shares in accordance with the Agreement.
“7. If a jury determines the Agreement is valid, [the Porter] Defendants are in breach of this Agreement, and [Williamson] prays that this Court shall enter an order requiring specific performance and purchase of his shares.
[[Image here]]
“9. [Williamson] prays that this Court shall empanel a jury on all issues and determine if the Agreement is enforceable and, if valid, [enter] a judgment that [the Porter] Defendants are required to buy his shares at their fair value.”
Williamson’s action clearly pertains to a “controversy concerning the purchase or sale of any ... Securities.” As a result of *1220 that “controversy,” Williamson seeks “a decree of specific performance ... injunction or other legal or equitable remedies].” Accordingly, we hold that, under the express and unambiguous terms of the agreement, Williamson’s claims for specific performance[4] and injunctive relief are not within the scope of the arbitration provision.
With regard to the remaining claims asserted against the Porter defendants by Williamson — rescission, misrepresentation and suppression, and conversion — Williamson does not argue on appeal, and indeed appears to concede,[5] that those claims do not fall within the specific-performance exception to the arbitration provision. The trial court’s order, however, did not address those remaining claims, instead denying the motion to compel arbitration in its entirety based on the specific-performance exception to the arbitration provision. The United States Supreme Court has instructed that the Federal Arbitration Act requires that “if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation.” KPMG LLP v. Cocchi, — U.S. -, -, 132 S.Ct. 23, 24, 181 L.Ed.2d 323 (2011); see also Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).
The status of the remaining claims is unclear from the record. With regard to Williamson’s claim for rescission, on appeal Williamson concedes to the validity of the agreement. (Williamson’s brief, at 11 n. 1) (“Williamson concedes the validity of the Agreement as written.”). With regard to the conversion claim, the Porter defendants indicate that the parties have reached an amicable resolution. Nevertheless, nothing in the record indicates that these claims have been dismissed. Therefore, we remand this case with instructions for the trial court determine if any of the remaining claims are due to be dismissed. To the extent those claims are not dismissed, we instruct the trial court to grant the Porter defendants’ motion to compel arbitration with respect those claims.[6]
IV. Conclusion
We affirm the trial court’s denial of the Porter defendants’ motion to compel arbitration insofar as that motion related to Williamson’s request for specific performance and injunctive relief. With regard to Williamson’s remaining claims seeking rescission and alleging misrepresentation and suppression and conversion, we reverse the order of the trial court and remand the case with instructions for the trial court either to dismiss those claims or *1221 to grant the Porter defendants’ motion to compel arbitration of them.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
STUART, BOLIN, PARKER, MURDOCK, SHAW, WISE, and BRYAN, JJ., concur.
MOORE, C.J., concurs in the result.

. The agreement did not include CapitalPart-ners Leasing, LLC, which the Porter defendants note was formed after 2004. The parties do not contend that the post-agreement formation of CapitalPartners Leasing, LLC, has any effect on the legal issues on appeal.

. The parties apparently treat the limited-liability company as being included in the agreement. We, therefore, assume, for purposes of this opinion, that it is covered by the terms of the agreement as to Williamson’s interest in the limited-liability company.

3. The agreement defines "Securities” as “the shares of the Common Stock or other evidence of ownership interest in” the corporations.

. The Porter defendants also argue that Williamson's claims should not be considered as proper claims for specific performance because, they argue, specific performance is not appropriate under the circumstances in this case. These arguments, however, go to the merits of Williamson's claim, not to the issue of arbitrability.

. Williamson argues that the trial court has effectively granted the motion to compel arbitration as to those claims because it has permitted discovery to proceed only with regard to the specific-performance claim. Thus, Williamson contends that only the specific-performance claim remains before the trial court. Nothing in the record, however, indicates that the trial court has ordered any claim to arbitration, and, indeed, the court denied the Porter defendants' motion to compel arbitration in its entirety.

.Although not raised on appeal, we recognize the very real potential for inconsistent results should Williamson's alternative claim for rescission of the agreement be sent to arbitration while his claim for specific performance of the contract remain pending in the trial court. We note that, in such cases, the trial court has the discretion to order a stay of the nonarbitrable claims. See Terminix Int’l Co. v. Jackson, 669 So.2d 893, 899 (Ala.1995).