Thermo-Sav, Inc., appeals an order of the Lowndes Circuit Court holding an arbitration clause unenforceable and denying its motion to compel arbitration. This case arose as a result of a dispute regarding work Thermo-Sav performed on Elizabeth Bozeman's home and payment Bozeman was to make pursuant to a contract she and Thermo-Sav signed. Thermo-Sav argues that the trial court erred in denying its motion to compel arbitration. We affirm.
 Facts
Bozeman entered into a contract with Thermo-Sav, whereby Thermo-Sav was to build a 16' x 16' room addition onto Bozeman's home. After negotiating the cost of the job, Thermo-Sav's employee, Jeff Davis, filled in some information on the contract and presented it to Bozeman for her signature. The contract was printed on one piece of paper, and it included yellow and pink carbon copies. Davis gave Bozeman a carbon copy after she signed the contract. Bozeman testified by sworn affidavit, in part, as follows:
 "Jeff Davis, Thermo-Sav's representative, and I signed the contract in my residence on [January 5, 1998]. The form contract document was printed on NCR paper. The top sheet was white with black writing. There were two other sheets under the top sheet. One was pink and the other was yellow. The white sheet and the yellow sheet appeared to be identical before and after execution, except for the paper color. I did not examine the pink one.
 "Mr. Davis had the contract attached to a clipboard. He filled in the blanks on the face of the contract while it was being held by the clipboard. After he finished filling out the contract, I read the front page and signed it. He never told me that there were additional terms on the back of the contract and I did not know the complete contract was not on the front page until this dispute came *Page 243 
up. There is nothing on the front side of the contract where I signed to indicate that there are additional terms on the backside of the front page of this contract. The contract stayed attached to the clipboard until after both signed the contract. Mr. Davis separated the pages and gave me the yellow copy. I did not look at the back of the contract at that time. In fact, I did not discover that the backside of the contract contained additional terms for a long time after the date I signed it."
The arbitration provision is found on the reverse side of the contract, under a section entitled "GOVERNING LAW." That section reads in its entirety as follows:
 "This contract shall be governed by the laws of the State of New York, and any dispute arising hereunder shall be resolved exclusively before a single arbitrator and in accordance with the Commercial Arbitration Rules of the American Arbitration Association."
On July 6, 1999, Thermo-Sav filed with the American Arbitration Association a demand for arbitration; it sought damages for breach of contract, based on Bozeman's failure to pay the balance called for under the contract. Bozeman filed an action for a declaratory judgment in the Lowndes Circuit Court on September 30, 1999, requesting a stay of arbitration and a declaration that the arbitration clause was unenforceable. Although the trial judge entered an order that he called an order denying Thermo-Sav's motion to compel arbitration, we note that the order is actually a final order, an order that grants Bozeman the relief she sought in her declaratory-judgment action, i.e., a declaration that the arbitration provision was unenforceable.
 Discussion
The Federal Arbitration Act ("FAA") provides that an arbitration provision is enforceable except "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It goes without saying that signing an agreement providing that all disputes are to be resolved exclusively through arbitration is equivalent to waiving one's right to a trial by jury. However, "arbitration is a creature of contract and . . . a party cannot be required to submit to arbitration any claim that he or she has not agreed so to submit." Ex parte Warren,718 So.2d 45, 47 (Ala. 1988).
Bozeman testified that Davis gave her the contract on a clipboard, that she read what she thought was the entire contract, and that she signed at the bottom of the page, unaware of the additional terms printed on the reverse side of the contract. The front of the contract contains no language indicating that additional terms appear on the reverse side of the contract or directing the contracting party's attention to those additional terms. Thermo-Sav knew the reverse side of the contract contained additional terms, the contract being on a form it used in the regular course of its business. Yet, its employee, Davis, did not direct Bozeman's attention to the additional terms. We conclude that the "Governing Law" provision, which contained the arbitration clause, was not a part of the contract because there was no indication on the front of the contract that additional provisions appeared on the back of the contract and that those additional provisions were a part of the contract.
The evidence suggests that Bozeman was not aware of any of the terms that appeared on the reverse side of the contract. Because Thermo-Sav knew of those provisions and failed to bring them to Bozeman's attention, the circuit court could have concluded that Bozeman did not agree to be bound by those provisions and *Page 244 
that those provisions, including the arbitration clause, are not enforceable against her.
The judgment of the trial court is affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and Johnstone, JJ., concur.
Brown, J., rescuses herself.