Wal-Mart Stores, Inc., and David Tyler, the manager of the Wal-Mart discount store in Roanoke, appeal from the trial court's order denying their motion to compel arbitration. We reverse and remand.
The relevant facts are, as Williams agrees, accurately stated in Wal-Mart's brief, as follows:
 "On December 30, 2004, [Cuddles Williams] entered into a contract with MoneyGram Payment Systems, Inc. (hereinafter `MoneyGram'). The contract was entitled a MoneyGram ExpressPayment (hereinafter `ExpressPayment' or `contract'). Under the terms of the contract, Wal-Mart, acting as agent for MoneyGram, initiated the transfer of $138.68 to Chase Manhattan Mortgage Corporation. Plaintiff provided Wal-Mart with the $138.68 and paid an $8.50 fee.
 "The ExpressPayment is a two-page document. A customer completes the front of page one, labeled customer copy, and this information is imprinted onto the front of page two, labeled agent copy. Just below the signature line is notice that `THIS TRANSACTION IS SUBJECT TO THE TERMS AND CONDITIONS ON THE REVERSE SIDE. THOSE TERMS AND CONDITIONS LIMIT THE SENDER'S LEGAL RIGHTS AND SHOULD BE REVIEWED PRIOR TO [SIGNING].' The terms and conditions are on the reverse side of page one, the customer copy. After completion of the transaction information, the two pages are separated. The customer keeps page one[,] which includes the terms and conditions on the reverse side.
 "[Williams] completed the front of page one, signed her name on the signature just above the terms and condition notice, and dated her signature December 30, 2004. She then took the customer copy[,] which, as noted above, contains the terms and conditions on the reverse side of that page.
 "The terms and conditions on the back of the customer copy signed by [Williams] contains a provision that states, in part:
 "`ARBITRATION. ANY CONTROVERSY OR CLAIMS ARISING OUT OF OR RELATING TO THE TRANSFER, THIS CONTRACT OR BREACH OF THIS CONTRACT, SHALL BE SETTLED BY ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION UNDER ITS COMMERCIAL ARBITRATION RULES AND JUDGMENT ON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.'"
Wal-Mart's brief, at 4-6 (boldface type and capitalization original; citations to clerk's record and reporter's transcript omitted).
On November 23, 2005, Williams sued Wal-Mart and Tyler, the manager of the Wal-Mart discount store where the transaction took place (hereinafter referred to collectively as "Wal-Mart"). She alleged *Page 78 
that Wal-Mart had failed to transfer the $138.68 to Chase Manhattan Mortgage Corporation, the mortgagee of her house, and that, as the result of Wal-Mart's failure, she lost her house through foreclosure. Williams alleged breach of contract; negligence and/or wantonness; negligent and/or wanton hiring, retention, and supervision; and invasion of privacy.
Wal-Mart moved to compel arbitration of Williams's claims. Before a hearing on the motion, copies of both the agent's copy and the customer's copy of the "MoneyGram Express Payment" document were submitted to the trial court. On June 28, 2006, the trial court denied Wal-Mart's motion to compel arbitration, and Wal-Mart appealed.
 "`This Court reviews de novo the denial of a motion to compel arbitration. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala. 2000). A motion to compel arbitration is analogous to a motion for a summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala. 1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce. Id. "After a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question." Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala. 1995) (opinion on application for rehearing).'
 "Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala. 2000) (emphasis omitted)."
Edward D. Jones Co., LP v. Ventura,907 So.2d 1035, 1040 (Ala. 2005). The dispositive issue presented on appeal is whether the arbitration clause relied upon by Wal-Mart is part of the agreement between Wal-Mart Stores, Inc., and Williams.
"Arbitration is a contract matter, and one cannot be compelled to submit to arbitration any matter that one has not agreed to so submit." Polaris Sales, Inc. v. HeritageImports, Inc., 879 So.2d 1129, 1133 (Ala. 2003). "`[O]rdinarily when a competent adult, having the ability to read and understand an instrument, signs a contract, he will be held to be on notice of all the provisions contained in that contract and will be bound thereby.'" Green Tree Fin. Corp.v. Vintson, 753 So.2d 497, 502 (Ala. 1999) (quotingPower Equip. Co. v. First Alabama Bank,585 So.2d 1291, 1296 (Ala. 1991)). "`[T]he intent of the contracting parties is discerned from the whole of the contract.'" JimBurke Auto., Inc. v. McGrue, 826 So.2d 122, 132
(Ala. 2002) (quoting Homes of Legend, Inc. v.McCollough, 776 So.2d 741, 746 (Ala. 2000)).
Williams admits that she signed the customer copy of the "MoneyGram Express Payment" document. Directly beneath her signature was unambiguous language referring to "terms and conditions on the reverse side" and advising the customer that "those terms and conditions limit the sender's legal rights and should be reviewed prior to signing." One of the additional terms or conditions to which Williams's attention was directed was the arbitration clause relied upon by Wal-Mart. The customer copy taken from the store by Williams, as she admits, contained the arbitration clause on its "reverse side." Under these circumstances, the arbitration clause was a part of the agreement between Wal-Mart Stores, Inc., and Williams, and Williams is bound by that clause.
Williams argues that the arbitration clause "was inconspicuous and hidden," *Page 79 
and that, therefore, she "could not have knowingly, willingly and voluntarily agreed to its terms." Williams's brief, at 10. Williams relies upon Thermo-Sav, Inc. v. Bozeman,782 So.2d 241, 243 (Ala. 2000), in which this Court held that "the `Governing Law' provision, which contained the arbitration clause, was not a part of the contract because there was no indication on the front of the contract that additional provisions appeared on the back of the contract and that those additional provisions were a part of the contract." InThermo-Sav, we noted that "[t]he front of the contract contain[ed] no language indicating that additional terms appear on the reverse side of the contract or directing the contracting party's attention to those additional terms."782 So.2d at 243.
Obviously, Thermo-Sav is distinguishable from this case, because the terms and conditions that appear on the reverse side of Williams's "MoneyGram Express Payment" document are referred to on the front of her copy, and her attention was directed to those terms. Under circumstances such as these, this Court has enforced an arbitration provision appearing on the reverse side of the relevant contract. See SearsTermite Pest Control, Inc. v. Robinson,883 So.2d 153, 158-59 (Ala. 2003); Ex parte Stripling,694 So.2d 1281, 1283 (Ala. 1997).
For the foregoing reasons, the trial court's order denying Wal-Mart's motion to compel arbitration is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur.