Ronald Channell and Jane Channell sued Carriage Homes, a division of American Homestar Corporation. Carriage Homes moved to dismiss the action or to stay the action and compel arbitration of the plaintiffs' claims. The trial court denied Carriage Homes' motion, and Carriage Homes appealed. We affirm.
 I.
In mid-December 1997, the Channells, husband and wife, purchased a mobile home from Johnson Mobile Homes of Alabama, Inc., doing business as Johnson Mobile Homes. That mobile home had been manufactured by Carriage Homes. Green Tree Financial Corporation provided the Channells the financing necessary for them to purchase the mobile home. One of the documents executed by the Channells pursuant to their purchase was entitled "Arbitration Agreement Between Johnson Mobile Homes of Alabama and Ronald Jane Channell." That document states:
 "In this arbitration agreement the term `seller' shall mean and refer to Johnson Mobile Homes of Alabama, the term `buyer(s)' shall mean and refer to Ronald and Jane Channell, the term `contracts' shall mean and refer to the mobile home sale/purchase agreements entered into between the seller and buyer(s) on or about Dec. 16, 1997, and all documents related to and/or executed in connection with that transaction.
 "The seller and the buyer(s) agree that this transaction involves interstate commerce. The seller and the buyer(s) also agree that in the event of any controversy, dispute and/or difference of opinion arising out of or related in any manner to their contract or arising out of or related in any manner to any negotiations and/or representations made in connection with the sale of the mobile home or execution of the contract, then such controversy and/or dispute shall be resolved through binding arbitration, in accordance with the rules of the American Arbitration Association.
 "The buyer(s) agree that the scope of the disputes, controversies and/or differences of opinion to which this arbitration agreement applies shall include, but [is] not limited to, the following: The terms of the contract; its breadth and scope; all documents concerning any goods and/or services acquired by the buyer(s); the condition of the mobile home; the conformity of the mobile home sold to the contract; the representations, promises, undertakings and/or covenants made by the seller and/or any of its agents, servants and/or employees in connection with the sale of the mobile home and/or otherwise dealing with the mobile home; the terms of financing of the transaction; any terms and/or provisions of any credit life and/or disability insurance purchased at or about the time of the transaction; and any terms, coverages, and/or provisions of any *Page 85 
property insurance and/or other types of insurance purchased at or about the time of the transaction.
 "It is understood and agreed by the seller and the buyer(s) that arbitration as provided in this agreement is mandatory and not permissive. The Alabama Rules of Evidence shall apply to any arbitration proceedings occurring pursuant to this agreement. All arbitration proceedings and/or hearings shall take place in Tuscaloosa County, Alabama. All judicial proceedings related to this agreement and/or to enforce its terms, as well as other terms of this contract, shall take place in Tuscaloosa County, Alabama, where the seller and buyer(s) agree that venue is proper. The prepaid arbitration filing fees and the costs of the arbitration proceedings shall be paid by the party seeking affirmative relief thereunder.
 "BY SIGNING BELOW, THE SELLER AND THE BUYER(S) ACKNOWLEDGE THAT THE TERMS OF THIS ARBITRATION AGREEMENT HAVE BEEN FULLY READ AND UNDERSTOOD BY THEM. THEY FURTHER ACKNOWLEDGE THAT THEY ARE AGREEING TO RESOLVE, BY BINDING ARBITRATION RATHER THAN BY LITIGATION IN ANY COURT, ANY DISPUTE, CONTROVERSY AND/OR DIFFERENCE OF OPINION ARISING BETWEEN THEM FROM THE CONTRACT AND/OR THE SALE OF THE MOBILE HOME REFERRED TO IN THE CONTRACT."
(Capitalization of final paragraph in original.)
In June 1998, the Channells sued Johnson Mobile Homes, Carriage Homes, and Green Tree. In their complaint, the Channells state that all of the defendants are parties to the sales contract concerning the mobile home and that the sales contract subsequently was assigned to Green Tree. We note that the sales contract is not available for our review because it does not appear in the record on appeal. The Channells also state in their complaint that they were required to sign "in favor of the selling dealer" a document requiring arbitration of "any and all claims arising out of the transaction made the subject matter" of the sale. The Channells allege that their mobile home did not conform to its contract description, that it did not conform to general standards of merchantability, that it was not fit for the purpose for which it was intended, and that it was defective and nonconforming. The Channells also alleged that they had informed the defendants of the problems with the mobile home and that the defendants had attempted to correct some of the defects, but that the major defects and nonconformities remained uncorrected. The Channells alleged various theories of recovery, including revocation of acceptance, breach of contract, breach of express and implied warranties, negligent or wanton repair or failure to repair defects in the mobile home, fraudulent misrepresentation, fraudulent suppression, conversion, and money had and received.
Johnson Mobile Homes moved to dismiss the complaint on the ground that the Channells had executed an arbitration agreement under which they were obligated to seek redress of their claims against Johnson Mobile Homes through arbitration, rather than through litigation. Carriage Homes also moved to dismiss the complaint or, in the alternative, asked the trial court to stay the action and to compel arbitration. Carriage Homes attached to its motion a copy of the arbitration agreement executed by the Channells and by a representative of Johnson Mobile Homes. The trial court denied both motions. Carriage Homes appealed from the order denying its motion to compel arbitration. Johnson Mobile Homes did not appeal from the order denying its motion to compel arbitration.
 II.
We first address Carriage Homes' argument that the arbitration agreement *Page 86 
between the Channells and Johnson Mobile Homes entitled Carriage Homes to compel arbitration. The arbitration agreement is specifically applicable to the parties who executed it, namely, the Channells, as the buyers, and Johnson Mobile Homes, as the seller. The language of the arbitration agreement does not reach the manufacturer; therefore, Carriage Homes is not entitled to compel arbitration based upon the terms of the arbitration agreement between the Channells and Johnson Mobile Homes. First American Title Ins. Corp. v. Silvernell, 744 So.2d 883 (Ala. 1999). See, also, Southern Energy Homes, Inc. v. Kennedy,774 So.2d 540 (Ala. 2000).
Carriage Homes also contends, however, that it is entitled to compel arbitration on the basis that the Channells have alleged that Johnson Mobile Homes is Carriage Homes' agent.[1] The contract between the Channels and Johnson Mobile Homes calls for arbitration of any "representations, promises, undertakings and/or covenants" made by Johnson Mobile Homes "and/or any of its agents, servants and/or employees." The arbitration agreement embraces agents of Johnson Mobile Homes and does not include a third party who might be a principal of Johnson Mobile Homes. Moreover, the record does not support an allegation that Carriage Homes is an agent, servant, or employee of Johnson Mobile Homes. However, even if it did, the arbitration clause is not broad enough to encompass the Channells' claims against Carriage Homes, and Carriage Homes is not entitled to compel arbitration on the basis of agency. First Family Fin. Servs. v. Rogers, 736 So.2d 553,560 (Ala. 1999).
 III.
Carriage Homes also argues that it is entitled to compel arbitration on the basis that the Channells' claims against it are inextricably intertwined with their claims against Johnson Mobile Homes. The circumstances presented by this case are similar to those before the Court in Southern Energy Homes, Inc. v. Kennedy, supra.
Like the plaintiffs in Kennedy, the Channells assert a claim against the signatory to the arbitration agreement (in this case, Johnson Mobile Homes), based on a contract separate from the freestanding arbitration agreement executed in this case, and we are not aware of any other contract in this case that contains an arbitration clause. Hence, the record indicates that the Channells' claims are not grounded upon a contract that includes an arbitration clause.
This case is similar to Kennedy in another important aspect. Because Johnson Mobile Homes did not appeal the trial court's order denying its motion to compel arbitration, a critical factor is missing that would be necessary to allow Carriage Homes to compel the Channells to arbitrate their claims against it based on a theory that their claims against Carriage Homes are inextricably intertwined with their claims against Johnson Mobile Homes. We concluded in Kennedy that "[t]he concept of `intertwining' necessarily presupposes that the signatory to the arbitration agreement is or will be engaged in an arbitration proceeding with the plaintiff." 774 So.2d at 545. This present case is like Kennedy in that there is no pending or contemplated arbitration proceeding in which the doctrine of equitable estoppel could allow Carriage Homes to compel the Channells to arbitrate their claims against it. See, also, Ex parte Roberson, 749 So.2d 441 (Ala. 1999) (Lyons, J., concurring as to the section entitled "Agreement to Arbitrate"). *Page 87 
 IV.
Under the circumstances presented by this case, we affirm the order denying Carriage Homes' motion to compel arbitration.
AFFIRMED.
Hooper, C.J., and Maddox, Cook, and Johnstone, JJ., concur.
[1] Carriage Homes states in its brief that the Channells also allege in their complaint that Carriage Homes is an agent of Johnson Mobile Homes. Our review of the complaint, however, indicates that the Channels allege only that Johnson Mobile Homes is an agent of Carriage Homes.