# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1121

**TINA SMOOT, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, MALCOLM SMOOT AND CORETTA SMOOT, AND ELIZABETH BENNETT AND AARON BENNETT**

**VERSUS**

**KEN HERNANDEZ, ET AL.**

************

**APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AYOYELLES, NO. 2007-0060, DIVISION "B"
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Marc. T. Amy, Billy H. Ezell, and James T. Genovese, Judges.

**AFFIRMED.
MOTION TO STRIKE ANSWER TO APPEAL GRANTED.**

**Brian M. Caubarreaux
Derrick G. Earles
Emily G. Meche
Brian Caubarreaux and Associates
144 West Tunica Drive
Post Office Box 129
Marksville, Louisiana 71351
(318) 253-0900
COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Tina Smoot**

**Harry J. Philips, Jr.**
**Cynthia M. Amedee**
**Taylor Porter Brooks & Phillips L.L.P.**
**451 Florida Street, 8th Floor**
**Post Office Box 2471**
**Baton Rouge, Louisiana 70801**
**(225) 387-3221**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ken Hernandez and**
    **Employers Mutual Casualty Company**

**Jeffery Ingram**
**Post Office Box 648**
**Alexandria, Louisiana 71309**
**(318) 484-3911**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State Farm Fire & Casualty Company**

**GENOVESE, Judge.**

In this personal injury case, Defendants appeal the trial court's grant of Plaintiff's Motion for Judgment Notwithstanding the Verdict and Alternatively Motion for New Trial and/or Additur (JNOV) and its subsequent award of general damages and future medical expenses. Plaintiff attempted to answer the appeal, seeking modification of the general damage award. Defendants moved to strike Plaintiff's answer to appeal. For the following reasons, we affirm the trial court's grant of the JNOV, affirm the trial court's award of general damages, affirm the trial court's award of future medical expenses, and strike Plaintiff's answer to appeal.

## FACTS

On November 1, 2006, in Bunkie, Louisiana, Plaintiff, Tina Smoot, was involved in an automobile accident with Defendant, Ken Hernandez, who was in the course and scope of his employment with Tommy Williams Plumbing at the time of the accident. Ms. Smoot, individually, and on behalf of her minor children, Malcolm Smoot and Coretta Smoot, Elizabeth Bennett, and Aaron Bennett, instituted the present action against Mr. Hernandez, Employers Mutual Casualty Company, the liability insurer of Tommy Williams Plumbing (hereinafter collectively referred to as Mr. Hernandez), and State Farm Fire and Casualty Company,[1] Ms. Smoot's own uninsured/underinsured insurer. State Farm Mutual Automobile Insurance was also later added as a defendant in its capacity as the liability insurer of Mr. Hernandez.

Following a stipulation as to the liability of Mr. Hernandez, the claims of Ms. Smoot proceeded to trial by jury on April 2-3, 2008.[2] The jury returned a verdict in

---

[1]State Farm Fire and Casualty Company was erroneously identified in the original petition as State Farm Mutual Automobile Insurance Company.

[2]Aaron Bennett was dismissed as a plaintiff pursuant to a Motion and Order For Partial Dismissal which was signed by the trial court in March of 2007. With the exception of Ms. Smoot, the claims of the remaining plaintiffs were settled, and a judgment dismissing said claims was

favor of Ms. Smoot in the amount of $101,228.70 for past medical expenses only. The jury did not award any amount for general damages or future medical expenses. The trial court signed a judgment in accordance with the jury verdict on April 11, 2008.

On April 18, 2008, Ms. Smoot filed a Motion for Judgment Notwithstanding the Verdict and Alternatively Motion for New Trial and/or Additur. Following a hearing on May 9, 2008, the trial court granted the JNOV, affirmed the jury award of $101,228.70 representing past medical expenses, awarded $10,000.00 in future medical expenses, and awarded $250,000.00 in general damages, for a total award of $361,228.00[3] in favor of Ms. Smoot. The trial court signed a judgment in accordance therewith on January 16, 2008, and Mr. Hernandez appealed. Ms. Smoot attempted to answer the appeal, and Mr. Hernandez filed a motion to strike same. The motion to strike was referred to the merits.

## ISSUES

Mr. Hernandez raises the following issues for our review:

1. Whether the trial court erred as a matter of law in granting a motion for judgment notwithstanding the verdict in favor of Plaintiff-Appellee[,] Tina Smoot.

2. If the JNOV was otherwise proper as a matter of law, whether the trial court abused its discretion in awarding an excessive amount for general damages and future medicals to Plaintiff-Appellee[,] Tina Smoot.[4]

_____

signed by the trial court on June 18, 2008. On June 23, 2008, the trial court signed an order of voluntary partial dismissal dismissing State Farm Fire and Casualty Company from the instant litigation.

[3]Mathematically, this figure should actually be $361,228.70; however, the judgment reflects the miscalculated figure of $361,228.00 which will be referred to as such in this opinion.

[4]We note that, as set forth below, the abuse of discretion standard of review is not the appropriate standard for our review of the award of future medical expenses.

2

## LAW AND DISCUSSION

The mechanism by which a judgment notwithstanding the verdict may be granted is provided by La.Code Civ.P. art. 1811.[5]   In

---

[5]Louisiana Code of Civil Procedure Article 1811 provides as follows:

A. (1) Not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment under Article 1913, a party may move for a judgment notwithstanding the verdict.  If a verdict was not returned, a party may move for a judgment notwithstanding the verdict not later than seven days, exclusive of legal holidays, after the jury was discharged.

(2) A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative.

B. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or render a judgment notwithstanding the verdict.  If no verdict was returned, the court may render a judgment or order a new trial.

C. (1) If the motion for a judgment notwithstanding the verdict is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for a new trial.  If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment.

(2) If the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court orders otherwise.

(3) If the motion for a new trial has been conditionally denied and the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

D. The party whose verdict has been set aside on a motion for a judgment notwithstanding the verdict may move for a new trial pursuant to Articles 1972 and 1973.  The motion for a new trial shall be filed no later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of the signing of the judgment notwithstanding the verdict under Article 1913.  The motion shall be served pursuant to Articles 1976 and 1314.

E. If the motion for a judgment notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for a judgment notwithstanding the verdict.  If the appellate court reverses the judgment, nothing in this Article precludes the court from determining that the appellee is entitled to a new trial or from directing the trial court to determine whether a new trial shall be granted.

F. The motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues.

3

describing the circumstances under which a JNOV is appropriate, the Louisiana Supreme Court has explained that the procedure is to be used only when the facts and circumstances favor one party so overwhelmingly that reasonable men could not arrive at a contrary verdict. *Anderson v. New Orleans Public Service*, 583 So.2d 829 [(La.1991)]. It is inappropriately used in cases in which the evidence merely preponderates in favor of the moving party. *Id*. Also, we are mindful that the motion must not be granted if there is evidence in opposition that is of such quality and weight that it would permit "reasonable and fairminded men in the exercise of impartial [judgment]" to reach different conclusions. *Id*. at 832. Finally, the court cautioned that, in weighing whether a JNOV is appropriate, the court should not weigh witness credibility and should resolve all reasonable inferences/factual questions in favor of the non-moving party. *Id*. See also *Davis v. Wal-Mart Stores, Inc.*, 00-0445 (La.11/28/00); 774 So.2d 84.

On review, an appellate court employs a two-part inquiry when considering whether a JNOV is appropriate. *Davis,* 00-445; 777 So.2d 84. First, applying the same criteria as the trial court, the appellate court must determine if the trial court erred in granting the motion. *Id.* Next, if the appellate court determines that the standard was correctly applied to the jury verdict at the trial level, the appellate court must then review the JNOV granted using the manifest error standard of review. *Id.*

*Bowie v. Young*, 01-715, p. 12 (La.App. 3 Cir. 3/20/02), 813 So.2d 562, 570-71, *writ denied*, 02-1079 (La. 6/21/02), 819 So.2d 335.

**GRANT OF JNOV**

Mr. Hernandez contends that the trial court committed legal error in granting the JNOV. For the following reasons, we find that the trial court's grant of the JNOV entered on general damages and future medical expenses was warranted. We, therefore, affirm the trial court's grant of the JNOV in favor of Ms. Smoot.

As this court stated in *Murchison v. Lyndon Property Insurance Co.*, 04-933, p. 3 (La.App. 3 Cir. 12/30/04), 896 So.2d 214, 217-18, *writ denied*, 05-274 (La. 5/13/05), 902 So.2d 1016:

Louisiana Code of Civil Procedure Article 1811 controls the use of a judgment notwithstanding the verdict (JNOV). Although the Article does not specify the grounds on which a trial judge may grant a JNOV,

the supreme court in *Joseph v. Broussard Rice Mill*, 00-628 (La. 10/30/00), 772 So.2d 94, sets forth the criteria in determining when a JNOV is proper. A JNOV is proper when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable persons could not arrive at a contrary verdict. *Id*.

As explained by our supreme court, "[t]he motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable persons could not reach different conclusions, not merely when there is a preponderance of evidence for the mover." *Trunk v. Med. Ctr. of Louisiana at New Orleans*, 04-181, p. 4 (La. 10/19/04), 885 So.2d 534, 537 (quoting *Joseph*, 772 So.2d at 99).

**General Damages**

In the case at bar, the jury awarded Ms. Smoot special damages in the amount of $101,228.70, constituting past medical expenses which she incurred as result of the subject accident. However, the jury did not render an award of general damages. Mr. Hernandez asserts on appeal that the jury's failure to award Ms. Smoot any amount of general damages was "not abusively low or unreasonable." Rather, he contends that the jury's verdict was the result of the evidence presented at trial demonstrating that:

(1) Smoot had a long, pre-existing history of back and leg pain unrelated to the accident at issue; (2) the medical experts disagreed as to whether the lumbar fusion that Smoot elected to have was even medically necessary; (3) the jury's award of zero general damages and future medicals was factually correct; (4) Smoot's credibility was seriously challenged and found to be deficient; and (5) Smoot failed to mitigate her damages by being non-compliant with her treating physician's recommended course of treatment.

Ms. Smoot argues that "Louisiana jurisprudence has long held that where there is a factual finding that a plaintiff was injured and incurred medical expenses as a result of another's fault, the failure to award general damages is legal error unless special damages have been incurred without attendant physical pain and suffering."

5

Specifically referring to a JNOV, Ms. Smoot contends that "[a] judgment notwithstanding the verdict is also warranted where a jury finds that a plaintiff has sustained new injuries or aggravation of a preexisting condition and awards past and future medical expenses, but award[s] no general damages." Mindful of the standards set forth above relative to a JNOV, we have thoroughly reviewed the record of these proceedings.

On the evening of the accident at issue, Ms. Smoot presented to the emergency room at the Bunkie General Hospital. The following day, November 2, 2006, she saw her family physician, Dr. Newell Gauthier. Ms. Smoot underwent conservative treatment with Dr. Gauthier. However, due to continuing complaints, Dr. Gauthier ordered an MRI which revealed disc herniations at L4-5 and L5-S1. Dr. Gauthier then referred Ms. Smoot to Dr. Louis Blanda, an orthopedic surgeon, who then became Ms. Smoot's primary caretaker for any accident related injuries.

Ms. Smoot first saw Dr. Blanda April 10, 2007. After physical therapy, steriod injections, and additional testing, including nerve conduction studies and a cervical MRI which revealed disc herniations at C4-5 and C6-7, Dr. Blanda ultimately performed a two-level lumbar disc fusion on Ms. Smoot in February of 2008. Dr. Blanda's observations during surgery confirmed the lumbar disc herniations which had been revealed by the diagnostic testing.

What is indisputable from the record is that Ms. Smoot had a two-level disc herniation for which she underwent a lumbar fusion. The jury obviously accepted this fact and awarded her the past medical expenses which she incurred through the date of trial. However, the jury declined to award any amount of general damages. Mr. Hernandez asserts that the jury did not award any general damages because they were

6

of the opinion that the accident at issue did not cause her injury. In support of his position, Mr. Hernandez notes that the medical records and testimony of Dr. Gauthier reveal that Ms. Smoot had been involved in two prior automobile accidents. Moreover, Mr. Hernandez asserts that this evidence establishes that Ms. Smoot suffered from back pain, leg pain, and foot pain prior to the accident. Given her preexisting condition, and what he contends was a failure to follow recommended treatment, Mr. Hernandez concludes that the jury was correct in not awarding Ms. Smoot any amount of general damages. We disagree.

On the issue of causation, Dr. Gauthier testified that more probably than not Ms. Smoot sustained a neck and back injury as a result of this particular automobile accident. Dr. Gauthier had treated Ms. Smoot for approximately thirty-five years and was well-acquainted with her medical history. Despite her complaints prior to the subject accident, which Dr. Gauthier acknowledged, he was of the opinion that they were not the same as those Ms. Smoot exhibited after the subject accident.

Consistent with Dr. Gauthier's medical opinion relative to causation was the medical opinion of Dr. Blanda. Dr. Blanda was also very clear on the issue of causation, testifying as follows:

> Q. Doctor based on this history and the review of the records of Dr. Gauthier, do you feel more probable than not that this these [sic] injuries that Ms. Smoot had after the accident and the result[ant] surgery are related to the automobile accident of November of 06?
>
> A. I do. I think she may have some degenerative changes which is part of the aging process and wear and tear but I think the, the disc problems developed after this accident.

The expert medical opinions of Dr. Gauthier and Dr. Blanda on the causal relationship of Ms. Smoot's herniated discs were not refuted by Dr. Todd Drury, an orthopedic surgeon chosen by Mr. Hernandez to perform an independent medical

7

examination on Ms. Smoot on December 3, 2007. In Dr. Drury's opinion, Ms. Smoot's medical history confirmed similar symptoms which predated the subject accident. Dr. Drury also testified that even with the diagnostic testing, there was no way to determine with certainty when the disc herniations occurred. Dr. Drury testified as to several reasons why he would not have recommended surgery for Ms. Smoot and discussed in some detail the additional conservative treatment options which were available to her. However, the testimony of Dr. Drury did not provide the jury with an expert medical opinion that the automobile accident of November of 2006 was not the cause of Ms. Smoot's injuries.

According to Dr. Blanda's testimony, the surgery was successful in relieving Ms. Smoot's pain and numbness, and she was progressing well. He did testify, however, that she would periodically have flare-ups. Dr. Blanda was going to continue to treat Ms. Smoot for approximately one year to monitor her progress. He testified that she was on prescription medication and "probably will be so for a while." Dr. Blanda also foresaw the need for additional medication, testing, and treatment in the future.

We find no merit to Mr. Hernandez's contention that the trial court erred in its granting of the JNOV in favor of Ms. Smoot on the element of general damages. The jury was presented with evidence that Ms. Smoot suffered neck and back pain following the accident for which she first saw Dr. Gauthier. Due to her continuing complaints and the results of the diagnostic testing, Ms. Smoot was then treated by Dr. Blanda. The evidence established that Ms. Smoot sustained herniated discs which were caused by the subject accident. This is true despite any pre-existing complaints which she had. Additionally, as a direct result of the herniated discs, Ms. Smoot

8

underwent a two-level lumbar disc fusion. Dr. Blanda testified that there were objective findings of injury and complaints of pain which were consistent with his operative findings of herniated discs and nerve root compression. Dr. Blanda further testified that Ms. Smoot was to expect future exacerbations requiring treatment. Having thoroughly reviewed the record, we find that the facts and inferences point so strongly and overwhelmingly in favor of Ms. Smoot that reasonable persons could not conclude that she did not sustain at least an aggravation of a pre-existing injury with resulting pain and suffering thereby entitling her to a general damage award.

**Future Medical Expenses**

The trial court's grant of the JNOV included an award of future medical expenses. Although the jury declined to award Ms. Smoot any amount of this element of damages, the trial court rendered an award of $10,000.00 in future medical expenses. Mr. Hernandez contends on appeal that the trial court erred in granting the JNOV on this element of damages.

A review of the record establishes that reasonable persons could not reach the conclusion that Ms. Smoot will not incur any future medical expenses. It was the testimony of Dr. Blanda that he would continue to follow her progress for approximately one year. Additionally, he stated that future exacerbations were to be expected. As such, Ms. Smoot would require additional medication, physical therapy, or other forms of treatment, which will result in Ms. Smoot's incuring future medical expenses not unreasonably fixed by the trial court at $10,000.00. For these reasons, we affirm the trial court's grant of the JNOV relative to future medical expenses.

**QUANTUM**

In the alternative, Mr. Hernandez argues that should this court affirm the trial

court's grant of the JNOV, that the trial court erred in awarding Ms. Smoot $250,000.00 in general damages and $10,000.00 in future medical expenses. We disagree.

**General Damages**

Having determined that the trial court was correct in granting the JNOV, we must consider whether the $250,000.00 general damage award was an abuse of its discretion.

> Damages awarded after a motion for JNOV is granted are subject to the following guidelines:
>
> > Once a trial court has concluded that JNOV is warranted because reasonable men could not differ on the fact that the award was either abusively high or abusively low, it must then determine what is the proper amount of damages to be awarded. In making this determination, the judge is not constrained as the courts of appeal are to raising (or lowering) the award to the lowest (or highest) point which is reasonably within the discretion afforded the court. *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976).
>
> > . . . .
>
> > The appellate court, in determining whether the trial court erred in granting the JNOV as to quantum, once again uses the criteria set forth in [*Scott v. Hosp. Serv. Dist. No. 1*, 496 So.2d 270 (La.1986)], i.e., could reasonable men in the exercise of impartial judgment differ as to the fact that the jury award was either abusively high or abusively low. If the answer is in the affirmative, then the trial court erred in granting the JNOV, and the jury's damage award should be reinstated. On the other hand, if the answer is in the negative, then the trial court properly granted the JNOV, and its damage award based on its independent assessment of the damages is the judgment of the trial court which is reviewed on appeal under the constraints of *Coco[v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976) ].
>
> *Anderson*, 583 So.2d at 833-34.

*Bowie*, 813 So.2d at 572-73.

The medical evidence established that Ms. Smoot underwent a successful two-level lumbar fusion. The trial court opined that "general damage[] awards on these type of injuries with surgery, [are] all over the board." According to the trial court, the awards which he reviewed ranged from $125,000.00 to $400,000.00. Ultimately, after considering the particular facts in this case, the trial court awarded $250,000.00 in general damages. Based upon our review of the record as discussed in detail above, we cannot say that the amount of general damages awarded by the trial court was an abuse of its vast discretion.

**Future Medical Expenses**

Mr. Hernandez contends that the trial court's award of $10,000.00 in future medical expenses was excessive. We, therefore, review the trial court's award of future medical expenses pursuant to its grant of the JNOV using the manifest error standard of review. *Boxie v. Lemoine*, 07-905 (La.App. 3 Cir. 7/16/08), 988 So.2d 309, *writs denied*, 08-2014, 08-2019 (La. 11/10/08), 996 So.2d 1071, (citing *Davis*, 774 So.2d 84).

The amount of future medicals which Ms. Smoot may expect to incur was the subject of Dr. Blanda's testimony. As explained above, Dr. Blanda testified as to the necessity for his continued treatment of Ms. Smoot. Additionally, it was his testimony that additional medication, therapy, and testing were to be expected in the future. Based upon this evidence, we find no manifest error in the trial court's award of $10,000.00 in future medical expenses.

**MOTION TO STRIKE ANSWER TO APPEAL**

In response to the Answer to Appeal and Opposition to Original Brief filed with this court by Ms. Smoot, Mr. Hernandez filed a motion to strike the answer to appeal.

11

In support of his motion to strike, Mr. Hernandez asserts that Ms. Smoot's filing of an Answer to Appeal in the trial court was deficient due to the trial court's lack of jurisdiction. Additionally, he contends that the Answer to Appeal and Opposition to Original Brief which was filed with this court fails to comply with the requirements of La.Code Civ.P. art. 2133.[6] We agree and grant Mr. Hernandez's motion to strike Ms. Smoot's answer to appeal.

The record reflects that the trial court granted Mr. Hernandez's appeal on July 16, 2008, and the suspensive appeal bond was filed contemporaneously therewith. At that time, in accordance with La.Code Civ.P. art. 2088,[7] the trial court became divested

_____

[6]Louisiana Code of Civil Procedure Article 2133 provides as follows:

   A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.

   B. A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.

[7]Louisiana Code of Civil Procedure Article 2088 provides as follows:

   The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

   (1) Allow the taking of a deposition, as provided in Article 1433;

   (2) Extend the return day of the appeal, as provided in Article 2125;

   (3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;

12

of jurisdiction over all matters on appeal. An Answer to Appeal was subsequently filed by Ms. Smoot in the trial court, i.e., the Twelfth Judicial District Court, on September 16, 2008. Although this filing was within fifteen days of the lodging of the record, the trial court no longer had jurisdiction. Thus, the Answer to Appeal filed on behalf of Ms. Smoot in the Twelfth Judicial District Court, although timely, was improvidently filed in the wrong tribunal. Therefore, the Answer to Appeal filed by Ms. Smoot in the trial court is not properly before this court.

Additionally, the Answer to Appeal and Opposition to Original Brief which was filed with this court on October 23, 2008 is deficient for two other reasons. First, as previously stated by this court, "[a] brief submitted by the appellee does not satisfy the requirement of [La.Code Civ.P. art. 2133.] (citation omitted)." *Broussard v. Leger*, 624 So.2d 1304, 1307 (La.App. 3 Cir. 1993), *writ denied*, 93-2762 (La. 1/7/94), 631 So.2d 452 (quoting *Sears, Roebuck & Co. v. Appel*, 598 So.2d 582, 584 (La.App. 4 Cir. 1992). Although Ms. Smoot's Answer to Appeal and Opposition to Original Brief

---

(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;

(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;

(6) Grant an appeal to another party;

(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;

(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;

(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or

(10) Set and tax costs and expert witness fees.

13

states that Ms. Smoot was entitled to a modification of the general damage award, it was erroneously set forth in the brief and not a pleading. As such, it is insufficient to satisfy the requirements of an answer to appeal. Secondly, the Answer to Appeal and Opposition to Original Brief is deficient for its failure to satisfy the time requirements of La.Code Civ.P. art. 2133. This court has previously held that it will not consider an answer to appeal that is filed more than fifteen days after the return date or date of lodging, whichever is later. *Martin v. G. & A Limited, I,* 604 So.2d 1014 (La.App. 3 Cir.), *writs denied*, 607 So.2d 557 (La.1992). For the foregoing reasons, we find that Ms. Smoot's answer to appeal seeking a modification of the general damages awarded by the trial court pursuant to the JNOV is not properly before this court and will not be considered.

## DECREE

For the foregoing reasons, the trial court's grant of the JNOV in favor of Tina Smoot is affirmed. The trial court's award of $250,000.00 in general damages is affirmed. The trial court's award of $10,000.00 in future medical expenses is also affirmed. Additionally, the Motion to Strike Appellee Tina Smoot's Answer to Appeal is granted. Costs of this appeal are assessed to Ken Hernandez and Employers Mutual Casualty Company.

**AFFIRMED.**

**MOTION TO STRIKE ANSWER TO APPEAL GRANTED.**

14