STATE OF LOUISIANA IN THE INTEREST
OF H. M. R.

NO. 22-CA-176

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 51,08, DIVISION "B"
HONORABLE CODY M. MARTIN, JUDGE PRESIDING

January 11, 2023

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

<u>**AFFIRMED**</u>
   **RAC**
   **FHW**
   **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY
SERVICES ("DCFS")
    Jeremy Woolard

COUNSEL FOR MINOR/APPELLEE,
H. M. R.
    Mary R. Mustaller McMillan

COUNSEL FOR PARENT/APPELLEE,
BRANDI ROTHMAN
    Tonya B. Clark

**CHAISSON, J.**

The State of Louisiana, Department of Children and Family Services ("DCFS"), appeals the trial court judgment that dismissed its petition to terminate the parental rights of B.L.R. to her minor child, H.R.[1]  In this appeal, DCFS contends that the trial court erred in finding that the State failed to prove that there is no reasonable expectation of significant improvement in B.L.R.'s condition or conduct in the near future, considering the child's age and need for a safe, stable, and permanent home.  For the reasons that follow, we affirm the judgment of the trial court.

## BACKGROUND

On April 8, 2019, H.R., who was four years old at the time, was removed from the custody of her parents and placed in the custody of DCFS due to neglect and lack of adequate supervision based on a report that the child was left in the care of a registered sex offender.  H.R. was placed in foster care with fictive kin, T.B., who had often cared for H.R. prior to DCFS involvement.  On June 3, 2019, H.R. was adjudicated a child in need of care and was continued in the custody of the State.  Pursuant to the child in need of care proceeding, DCFS formulated a case plan, which was approved by the court, with the steps required of the parents for the safe return of the child to their custody.  With regard to the child's mother, B.L.R., the plan required her to complete a mental health evaluation and follow its recommendations, complete a substance abuse assessment and follow its recommendations, submit to random drug screens, attend anger management and parenting classes, obtain and maintain housing for six months, make parental contributions towards H.R. while in foster care, maintain contact with the agency, and attend scheduled visits with her child.

---

[1] Pursuant to Rule 5-2 of the Uniform Rules-Courts of Appeal, the initials of the minor and family members involved will be used to protect the child's identity.  *State in Interest of E.I.R.*, 13-450 (La. App. 5 Cir. 11/19/13), 130 So.3d 360, 361 n.1.

On July 12, 2021, DCFS filed a petition for termination of parental rights against the child's mother, B.L.R., based on La. Ch.C. art. 1015(6), and against the father, C.W., based on La. Ch.C. arts. 1015(5)(C) and 1015(6). In the petition, the State alleged that the parental rights of B.L.R. should be terminated pursuant to La. Ch.C. art. 1015(6) because at least one year has elapsed since the child was removed from her custody pursuant to a court order; there has been no substantial compliance with the case plan; and there is no reasonable expectation of significant improvement in the mother's condition or conduct in the near future. The petition specifically alleged that B.L.R. repeatedly failed to comply with the required program of treatment and rehabilitative services provided in the case plan, including failure to complete mental health and substance abuse assessments, failure to complete anger management classes, and failure to pass random drug screens. DCFS also alleged that there is no reasonable expectation of significant improvement in the mother's conduct in the near future, as evidenced by her established pattern of behavior of repeatedly failing to avail herself of services to address her mental health and substance abuse issues.

The trial court conducted a hearing on the termination petition on December 6, 2021. At the beginning of the hearing, the child's father, C.W., stipulated to the termination of his parental rights, and the matter thereafter proceeded to trial only as to the mother. At the hearing, DCFS called Morning Ward and Delicia Brown of DCFS to testify regarding their involvement in this case and the mother's progress with the case plan.

Ms. Ward, the DCFS worker initially assigned to the case, testified about B.L.R.'s non-compliance with the case plan that was formulated to facilitate reunification with her child. Ms. Ward testified that B.L.R. did enroll in the mental health program but stopped attending sessions with the provider; that she was kicked out of the sober living program for non-compliance and never enrolled in

another substance abuse program; that B.L.R's drug screens have consistently been positive for the presence of drugs; that B.L.R. was inconsistent in attending parenting classes; and that she never made any financial contributions to the child while in foster care. During her testimony, Ms. Ward acknowledged that B.L.R. participated in the visitation part of the case plan and did provide snacks and other items for the child during the visits. Ms. Ward testified that DCFS does not believe that the mother will complete her case plan if given more time because there has been no consistency with her working with the agency. Ms. Ward further testified that the mother's pattern of substance abuse prevents her from being able to complete her case plan, that there has been no change in B.L.R.'s behavior since the child was placed in DCFS custody, and that B.L.R. is no closer to being reunified with her child today than when H.R. initially came into state custody.

Ms. Brown, the current DCFS case manager/supervisor, testified generally in accordance with Ms. Ward's testimony that since the inception of this case on April 8, 2019, B.L.R. has not made any substantial progress in the case plan goals. Ms. Brown also testified that she asked B.L.R. to submit to a drug screen in November of 2021, and the results were positive for the presence of amphetamines, methamphetamines, and marijuana.[2] Ms. Brown did acknowledge, during questioning by the mother's attorney, that B.L.R. seemingly completed some aspects of the case plan on her own, including parenting and anger management classes; however, DCFS was not provided with that information.

Following the State's case, the mother's attorney called B.L.R. to testify. B.L.R. acknowledged that she was presented with a case plan by DCFS and that she tried to complete the goals to the best of her ability. However, she maintained that her progress was hampered by COVID due to a lack of resources available during that time and also by non-contact with DCFS for a period of six months

---

[2] During the termination hearing, the State introduced numerous positive drug test results for B.L.R.

through no fault of hers. According to B.L.R., she completed a mental health evaluation and met with a counselor several times but then left the program and never completed it. Further, B.L.R. relayed that she completed a substance abuse evaluation and stayed in a living sober program in Baton Rouge for about three months, has had some negative drug screens, attends meetings, completed the Family House Program, participated in anger management courses online, and has completed some parenting classes. B.L.R. admitted that she did not provide DCFS with this information. B.L.R. expressed to the court that her child is in a better placement right now, that she wants what is best for her child, and that she cannot presently provide for her child financially. However, B.L.R. stated that she does not feel that H.R. should be ripped from her life as she has tried to the best of her ability to comply with the case plan.

During the course of B.L.R.'s testimony, the trial court became concerned about her ability to competently testify and decided to have her drug tested. When the drug test came back positive for numerous drugs, the trial judge conducted a hearing and found B.L.R. in contempt and sentenced her to thirty days in the parish jail. The termination proceeding was then continued.

On December 10, 2021, the trial court issued an amended bail order allowing B.L.R. to be released from jail on the condition that she enter Ruth House, an in-patient drug treatment program in Gonzales, Louisiana. On February 7, 2022, the termination hearing resumed.

On that date, B.L.R. testified that she has been living at Ruth House in Gonzales since December 13, 2021, is currently enrolled in the intensive outpatient program, attends weekly meetings with her psychiatrist, is employed at McDonald's, and is working towards getting her high school diploma. In addition, B.L.R. advised the court that she completed a mental health assessment and a substance abuse evaluation and has been following through with the suggestions

provided. B.L.R. further communicated that she has completed parenting and anger management programs; she brings clothes, toys, and food to her child during visits; and she has brought a $50 money order to court for her child. B.L.R. also conveyed that her drug screens have come back negative.

After considering the evidence presented, the trial court took the matter under advisement. On February 25, 2022, the trial court issued a written judgment dismissing the State's petition for termination of parental rights without prejudice.[3] In its reasons for judgment, the trial court concluded that the State failed to prove by clear and convincing evidence all three elements required for termination as set forth in La. Ch.C. art. 1015(6). Specifically, the court stated:

> After considering the arguments of counsel, the law, and the evidence submitted, the Court finds that the State has failed to prove by clear and convincing evidence all three elements of La. Ch.C. art. 1015(6). The State has proven by clear and convincing evidence that at least one year has elapsed since the minor child was removed from B.R.'s custody pursuant to a court order, and there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child. La. Ch.C. Art. 1015(6). However, the Court finds that the State has failed to prove that despite earlier intervention, there is no reasonable expectation of significant improvement in B.R.'s condition or conduct in the near future, considering the child's age and her need for a safe, stable and permanent home. *Id.*

DCFS now appeals the trial court's dismissal of its petition for termination of parental rights.

**DISCUSSION**

On appeal, DCFS asserts that the trial court erred in finding that the State failed to prove that despite earlier intervention, there is no reasonable expectation of significant improvement in B.L.R.'s condition or conduct in the near future, considering the child's age and need for a safe, stable, and permanent home.

---

[3] The judgment also ordered that the minor child "remain in the State's custody, and the current case plan shall remain in place." On March 7, 2022, the trial court read the judgment and reasons for judgment into the record. It is noted that on April 4, 2022, at the permanency review hearing, the court changed the case plan goal to adoption with a concurrent goal of reunification.

In *State in Interest of A.L.D.*, 18-1271 (La. 1/30/19), 263 So.3d 860, 863, the Supreme Court recognized the following with regard to termination of parental rights:

> Permanent termination of the legal relationship existing between natural parents and children is one of the most drastic actions the state can take against its citizens. However, the primary concern of the courts and the state remains to determine and insure the best interest of the child, which includes termination of parental rights if justifiable statutory grounds exist and are proven by the state. *State ex rel. J.M.*, 02-2089 (La. 1/28/03), 837 So.2d 1247, 1254.

The statutory grounds by which a court may involuntarily terminate the rights and privileges of parents are set forth in La. Ch.C. art. 1015. In order to terminate parental rights, the court must find that the State has established at least one of the statutory grounds by clear and convincing evidence. La. Ch.C. art. 1035(A); *State in Interest of A.V.*, 14-465 (La. App. 5 Cir. 10/29/14), 164 So.3d 853, 857, *writ denied*, 14-2489 (La. 2/27/15), 160 So.3d 963. "Clear and convincing" evidence requires more than a "preponderance," but less than "beyond a reasonable doubt." Under the "clear and convincing" standard, the existence of the disputed fact must be highly probable or much more probable than its nonexistence. *State in Interest of A.L.D.*, 263 So.3d at 863. Further, even upon finding that the State has met its evidentiary burden, a court still must not terminate parental rights unless it determines that to do so is in the child's best interest. La. Ch.C. art. 1037; *State in Interest of A.V.*, 164 So.3d at 857.

In a proceeding for termination for parental rights, the issues of parental compliance with a case plan, the parent's expected success of rehabilitation, and the expectation of significant improvement in the parent's condition and conduct are questions of fact. *State in Interest of J.D.,* 53,432 (La. App. 2 Cir. 2/5/20), 290 So.3d 738, 745. It is well settled that an appellate court cannot set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *State in Interest of E.I.R.*, 13-450 (La. App. 5 Cir. 11/19/13), 130

So.3d 360, 373. Under this standard of review, an appellate court's task is not to determine whether the factfinder was right or wrong, but whether the factfinder's conclusion was reasonable. If the conclusion is reasonable in light of the record viewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *State ex. rel. K.C.C.*, 15-84 (La. App. 5 Cir. 5/26/16), -- So.3d --.

In the present case, the State sought to terminate the mother's parental rights based on the grounds set forth in La. Ch.C. art. 1015(6), which provides as follows:

> (6) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

La. Ch.C. art. 1036(D)(1) provides that a lack of reasonable expectation of significant improvement in the parent's conduct in the near future under La. Ch.C. art. 1015(6) may be evidenced by "Any physical or mental illness, mental deficiency, substance abuse, or chemical dependency that renders the parent unable or incapable of exercising parental responsibilities without exposing the child to a substantial risk of serious harm, based upon expert opinion or based upon an established pattern of behavior."

After considering the evidence presented, the trial court found that the State proved that at least one year has elapsed since the child was removed from the parent's custody pursuant to a court order and that there has been no substantial compliance with a case plan necessary for the safe return of the child. However, the court found that the State failed to prove that there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future.

In finding that the State failed to prove this third element, the court, in its reasons for judgment, stated as follows:

> The State has failed to prove that despite earlier intervention, there is no reasonable expectation of significant improvement in B.R.'s condition or conduct in the near future, considering the child's age and her need for a safe, stable and permanent home. La. Ch.C. Art. 1015(6). B.R. is currently in a sober living facility, the Ruth House. She has been at the Ruth House since December 13, 2021, and she is showing improvement. Ms. R. currently has a vehicle, full time job, and serves at her local church. She is now visiting with H.R. according to her case plan and paying child support to the caretaker. B.R. has passed the drug tests administered to her since she began living at the Ruth House. The Court cannot find sufficient proof that B.R. has no reasonable expectation of significant improvement in her condition or conduct. The February 2, 2022 report from the Ruth House relays a positive message on B.R.'s current condition, thus the Court cannot find that this particular requirement of La. Ch.C. art. 1015(6) has been proven by the required evidentiary standard to terminate the parental rights of B.R. at this time.

On appeal, DCFS disputes this finding and contends that based upon the testimony and evidence submitted at trial, it proved by clear and convincing evidence that there was no reasonable expectation of improvement in the mother's condition. DCFS asserts that it introduced "copious evidence" at trial to support a determination pursuant to La. Ch.C. art. 1036(D)(1) that B.L.R had a substance abuse problem that prevented her from being able to be safely reunited with her child, and that the trial court erred in failing to apply La. Ch.C. art. 1036(D) with regards to determining whether there was a reasonable expectation of improvement in B.L.R.'s condition in the near future. Because of the trial court's failure to apply La. Ch.C. art. 1036(D) in making its determination, DCFS contends that the trial court made an error of law, and thus, the matter is subject to a *de novo* standard of review on appeal. We disagree with these arguments.

In the present case, the trial court made factual findings regarding the expectation of significant improvement in the parent's condition and conduct. As stated previously, such factual findings are subject to a manifest error standard of review. Having reviewed the record in its entirety, we cannot say that the trial

court's findings were manifestly erroneous or clearly wrong. Further, although the trial court did not specifically reference La. Ch.C. art. 1036(D), the reasons for judgment indicate that the trial court was well aware of the circumstances surrounding the mother's substance abuse issues. Lastly, we note that the trial court dismissed the State's petition to terminate parental rights without prejudice and afforded the State the opportunity to refile the petition in the future if B.L.R. shows no reasonable expectation of significant improvement in her condition or conduct in the near future.

Accordingly, for the reasons set forth herein, we affirm the judgment of the trial court dismissing, without prejudice, the State's petition to terminate B.L.R.'s parental rights.

## **AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 11, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-176

### E-NOTIFIED
23RD JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CODY M. MARTIN (DISTRICT JUDGE)
BENJAMIN MCDONALD (APPELLANT)
AIMEE E. KALOYARES (APPELLEE)

EMILY AUCOIN (APPELLEE)

MARY R. MUSTALLER MCMILLAN
(APPELLEE)

### MAILED
HONORABLE RICKY L. BABIN
(APPELLEE)
DISTRICT ATTORNEY
23RD JUDICIAL DISTRICT COURT
POST OFFICE BOX 1899
GONZALES, LA 70707

TONYA B. CLARK (APPELLEE)
ATTORNEY AT LAW
POST OFFICE BOX 1117
NAPOLEONVILLE, LA 70390